*In re* KUTSCHE'S ESTATE.

PEOPLE *v.* KUTSCHE'S ESTATE.

1. TAXATION—INHERITANCES—CONTEMPLATION OF DEATH—QUESTION OF FACT.

In determining inheritance tax, whether or not the thought of death was the impelling motive of trustor in making transfer was a question of fact (1 Comp. Laws 1929, § 3672).

2. SAME—TRANSFER IN CONTEMPLATION OF DEATH—EVIDENCE.
   Evidence *held*, sufficient to support finding of trial court that
   transfer of property by woman 80 years of age who was then
   in excellent physical condition and lived for five years more
   was not made in contemplation of death (1 Comp. Laws 1929,
   § 3672).

3. SAME—TRANSFER SUBJECT TO INHERITANCE TAX—POSSESSION OR
   ENJOYMENT—DEATH.
   Transfer of estate by way of irrevocable trust to beneficiaries
   upon death of trustor who had a life income from the estate
   *held*, taxable under State inheritance tax law since possession
   or enjoyment became effective upon death of trustor (1 Comp.
   Laws 1929, § 3672).

4. SAME—CONSTITUTIONAL LAW—DUE PROCESS—EQUAL PROTECTION.
   Inheritance tax upon transfers not made in contemplation of
   death but where possession or enjoyment became effective
   upon that event does not offend due process or equal pro-
   tection clauses of the Constitution of the United States (1
   Comp. Laws 1929, § 3672, U. S. Const., Am. 14, § 1).

5. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES.
   In case involving determination of public question as to consti-
   tutionality and construction of taxation statute about which
   there has been much uncertainty, no costs are allowed (1
   Comp. Laws 1929, § 3672).

Appeal from Kent; Perkins (Willis B.), J.   Sub-
mitted June 26, 1934.   (Docket No. 51, Calendar No.
37,861.)   Decided October 1, 1934.

Probate proceeding fixing inheritance tax due
State of Michigan by Estate of Auguste L. Kutsche.
From order of probate court, estate appealed to
circuit court.   Reversed.   The people appeal.   Re-
versed and remanded.

*Patrick H. O'Brien*, Attorney General, and *M.
Thomas Ward* and *William L. Brunner*, Assistants
Attorney General, for the people.

*Knappen, Uhl, Bryant & Snow,* for estate of Kutsche.

BUTZEL, J.  In 1928 Auguste L. Kutsche, a spinster almost 80 years of age, sought the assistance of counsel for the express purpose of so placing her property as to relieve herself of the burden of its management, and to put it beyond her power to yield to the demands of importuning relatives.  Counsel suggested the creation of an irrevocable trust.  At the same time he asked what ultimate disposition she desired to make of her property in the event of death.  In accordance with Miss Kutsche's instructions, an irrevocable trust indenture was then executed, by which the management and control of her property was turned over to a trust company, which was directed to pay the entire income to her, as trustor, during her lifetime.  Upon her death the property was to go to certain beneficiaries designated by her, some of whose shares were also trusteed.  Miss Kutsche died five years later.

The question raised is whether the transfer of the property is subject to the Michigan State inheritance tax.  If the gift was made in contemplation of the trustor's death or intended to take effect in possession or enjoyment at or after such death, it is taxable as provided by 1 Comp. Laws, 1929, § 3672. The probate court found the transfer taxable, but its decision was reversed on appeal to the circuit court, where the trial judge held the transfer nontaxable solely for the reason that it was not made in contemplation of death.  He did not discuss the question whether the transfer was one intended to take effect in possession or enjoyment at or after the death of the donor.  The amount of the tax is not shown by the record.

The test for the determination of whether or not a transfer was made in contemplation of death is: Was the thought of death the impelling motive of the transfer? This is a question of fact and the trial judge's conclusions are borne out by the testimony. The settlor, though advanced in years, was in good physical condition, and in executing the trust was motivated by entirely different reasons than a desire to make disposition of her property in the event of death. In *United States* v. *Wells,* 283 U. S. 102, 115 (51 Sup. Ct. 446), the court said:

"It is recognized that the reference is not to the general expectation of death which all entertain. It must be a particular concern, giving rise to a definite motive.   *   *   *   the differentiating factor must be found in the transferor's motive. Death must be 'contemplated,' that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition.   *   *   *

"It is contemplation of death, not necessarily contemplation of imminent death, to which the statute refers. It is conceivable that the idea of death may possess the mind so as to furnish a controlling motive for the disposition of property, although death is not thought to be close at hand. Old age may give premonitions and promptings independent of mortal disease. Yet age in itself cannot be regarded as furnishing a decisive test, for sound health and purposes associated with life, rather than with death, may motivate the transfer. The words 'in contemplation of death' mean that the thought of death is the impelling cause of the transfer.   *   *   *

"If it is the thought of death, as a controlling motive prompting the disposition of property, that affords the test, it follows that the statute does not embrace gifts *inter vivos* which spring from a different motive.   *   *   *   'The immediate and moving cause of the transfers was the carrying out of a

policy, long followed by decedent in dealing with his children, of making liberal gifts to them during his lifetime.' * * * The motive for the transfers brought them within the category of those which, as described by the government, are intended by the donor 'to accomplish some purpose desirable to him if he continues to live.' ''

See, also, *In re Rising's Estate,* 186 Minn. 56 (242 N. W. 459).

We believe, however, that the transfer was taxable as a gift intended to take effect in possession or enjoyment at or after the trustor's death. It is held by practically all courts that a transfer of property to trustees to pay the income to the transferor during life, with directions that upon his death the *corpus* shall be paid to designated beneficiaries, falls within the meaning of a transfer intended to take effect at or after death, even though the trust may be irrevocable. See 49 A. L. R. 878, and cases therein cited. The question has never been directly passed upon in Michigan, although in *People, ex rel. Attorney General,* v. *Welch's Estate,* 235 Mich. 555, it was conceded that such a transfer was taxable until the settlor by a later instrument transferred the income to the beneficiaries designated as entitled to the property upon her death.

Counsel for defendant, however, insist that the rule has been changed by the United States supreme court in the case of *May* v. *Heiner,* 281 U. S. 238 (50 Sup. Ct. 286, 67 A. L. R. 1244). This case involved the construction of a former Federal statute, section 402(c) of the 1918 revenue act (40 Stat. p. 1097), containing a clause similar to the one in question in the Michigan inheritance tax statute. The United States supreme court held that the transfer, with an income reservation by the settlor

for life, was not a transfer in contemplation of death or intended to take effect in possession or enjoyment upon the donor's death, within the meaning of the Federal estate tax act. The court stated that since the transfer was not testamentary in character and could not be recalled by the grantor, no interest in the property held under the trust passed from her to the living upon her death; that the title thereto had been definitely fixed by the trust deed; and that the interest therein which decedent possessed immediately prior to her death was obliterated by that event. However, this case merely construed the Federal estate tax act as it stood at that time. The decision is not binding upon the State courts in construing their respective inheritance tax statutes.

In the case of *In re Rising's Estate, supra,* decided after *May* v. *Heiner, supra,* the Minnesota court held that a transfer similar to the one involved in the instant case was taxable under the State inheritance tax act taxing transfers intended to take effect in possession or enjoyment at or after the death of the grantor. The court said:

"The opposing argument seeks justification in *May* v. *Heiner,* 281 U. S. 238 (50 Sup. Ct. 286, 67 A. L. R. 1244). Consideration of that decision must begin with *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339 (49 Sup. Ct. 123, 66 A. L. R. 397), involving seven trusts. Two were revocable and so taxable. The other 'five trusts,' not revocable, were yet held not taxable because there was no transfer by reason of death, within the meaning of the Federal law. Life interests in income were created, but not for the settlor. There were provisions for accumulation of income but not for the donor. The gifts were instantly complete, *inter vivos,* because nothing of substance remained to pass from donor to or for the benefit or enjoyment of donees at or after death of the donor.

"The reason why there was no transfer subject to the Federal tax was thus stated: 'In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and is measured by the value at death of the interest which is transferred.  *  *  *  It is not a gift tax.  *  *  *  One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift *inter vivos,* equally absolute and complete without subjecting it to a tax if the gift takes the form of a life estate in one (other than the donor) with remainder over to another at or after the donor's death.  It would require plain and compelling language to justify so incongruous a result, and we think it is wanting in the present statute.'

"This language was lifted bodily, by quotation, to justify and explain the result in *May* v. *Heiner, supra,* notwithstanding the very different sort of gift there considered—different in that there was reserved to the donor a very substantial kind of right and enjoyment not to cease until her death.  The gift was in trust to pay income to the donor's husband for life, then to the donor, if she survived him, with remainder over.  Again, simply because there was doubt of construction, to be resolved in favor of the taxpayer, it was held there was no taxable transfer."

In *Blodgett* v. *Guaranty Trust Co. of New York,* 114 Conn. 207 (158 Atl. 245), the court in holding a similar transfer to be taxable, declared:

"The raising of the question we are now considering appears to be due to the construction placed, by the representatives of the several estates involved, upon certain recent decisions of the supreme court of the United States, as evincing a departure in effect from the decisions above referred to and lending encouragement to a renewed attack upon the pro-

vision under consideration and its applicability to the facts of cases such as those now before us."

The court then distinguished the cases of *May* v. *Heiner, supra,* and *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339 (49 Sup. Ct. 123, 66 A. L. R. 397), as follows:

"It is obvious from the quotation from the opinion in the *Reinecke Cases* which we have given above, that the decision, upon which the succeeding cases relied, was motivated by the nature of the Federal estate tax, which is upon the transfer of, rather than the succession to, property of the decedent. * * * On the other hand, with a few exceptions, the State inheritance tax statutes levy a duty or excise upon the beneficiary for the privilege or right of succession to property. * * * We have been able to discover no relevant subsequent case which has given these decisions an effect adverse to the taxability of such gifts under State succession tax statutes. * * * Therefore, we feel that we are not constrained to place a similar construction upon our own statute and are still at liberty to adhere to the views as to its meaning and scope which usually have been held as to State statutes of similar nature and terms which we indicated in *Blodgett* v. *Union & New Haven Trust Co.,* 97 Conn. 405 (116 Atl. 908); these lead to the conclusion that the property which was the subject of transfer was within the meaning of the statute, and taxable accordingly."

This case was subsequently appealed to the United States supreme court, and the decision of the lower court was affirmed, in *Guaranty Trust Co. of New York* v. *Blodgett,* 287 U. S. 509 (53 Sup. Ct. 244), the court holding itself bound by the construction placed upon the State statute by the State supreme court "as though the meaning as fixed by the court had been expressed by the statute itself in specific words."

The question has also been passed upon but recently in a number of other States, and the tax has been upheld. In *Worcester County National Bank* v. *Commissioner of Corporations and Taxation,* 275 Mass. 216, 220 (175 N. E. 726), the court said:

"Though upon the creation of the trust an equitable remainder in the trust fund, after the life estate of the decedent in such fund, vested in interest in the beneficiary, she was not entitled to 'possession or enjoyment' of the fund, * * * until the death of the decedent. The 'deed, grant or gift' was 'intended to take effect in possession or enjoyment after his death.' Her present right to the future 'possession or enjoyment' of the trust fund, which was 'vested' in the sense of being assignable or transmissible by her during the life of the decedent, was not 'possession or enjoyment,' within the meaning of the statute. The statute recognizes the familiar distinction between taking effect in possession or enjoyment and vesting in right, title or interest. * * * Apparently the legislature intended to reach for the purpose of taxation the shifting of the enjoyment of property—the 'economic benefits' thereof or 'economic interest' therein * * * —from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title *inter vivos.* * * * 'The policy of the law is, that the owner of property shall not defeat or evade the tax by any form of conveyance of transfer, where after death the income, profit or enjoyment inures to the benefit of those who are not exempted.'"

Other recent cases to like effect are *Sherman* v. *Tax Commissioners of Ohio,* 125 Ohio St. 367 (181 N. E. 539); and *In re Ellis' Estate,* 169 Wash. 581 (14 Pac. [2d] 37, 86 A. L. R. 734).

Appellee's claim that the imposition of an inheritance tax upon transfers of the nature of the one here involved offends the due process and equal protec-

tion clauses of the United States Constitution (Am. 14, § 1) is fully answered by *Guaranty Trust Co. of New York* v. *Blodgett, supra,* in which the United States supreme court held that, inasmuch as such a tax was imposed upon an event generated by the death of the decedent, it did not conflict with any provision of the Federal Constitution.

The judgment of the lower court is reversed and the case remanded to the trial court to determine the tax and enter judgment. The question being a public one and involving the constitutionality and construction of a statute about which there has been much uncertainty, no costs will be allowed.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.