SHERMAN I. GOULD, ADMR. C. T. A.

OF THE ESTATE OF WILLIAM E. STEARNS, APPELLANT

*vs.*

ERNEST H. JOHNSON

STATE TAX ASSESSOR

Oxford.   Opinion, June 18, 1951.

*Sherman I. Gould,*
*Robert K. Miles,* for appellant.

*Ralph Farris,*
*Boyd Bailey,* for appellee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J. This is a petition in equity brought under the provisions of R. S., 1944, Chap. 142, Sec. 30 as amended, for the abatement of an inheritance tax against the estate of William E. Stearns late of Hiram in the County of Oxford, deceased. It was brought by Sherman I. Gould as administrator c.t.a. of Mr. Stearns' estate. This petition was dismissed by the Probate Court for the County of Oxford and an appeal was taken to the Supreme Court of Probate of that county. That court dismissed the appeal except as to a small item of $17.01, and with such exception the determination of the state tax assessor was upheld. To such ruling exceptions were taken by the petitioner and allowed. These are now before us.

William E. Stearns and his wife, Nora J. Stearns, were engaged together in the business of buying and selling cattle, farms, and farm materials. They kept no books. The business was successful. They died within a few months of each other, William on April 10, 1945, and Nora on July 31, 1945. There is property in the estate of each about which there is no controversy. This controversy arises over the inclusion by the state tax assessor as assets of the estate of William E. Stearns of three bank accounts amounting in the aggregate to $30,258.46, and of certain United States Government Bonds, Series G, totalling $10,500. The bank accounts were joint accounts payable as follows:

1.  Portland Savings Bank "Nora J. Stearns or William E. Stearns payable to either or the survivor"                $2,878.06

2.  Maine Savings Bank "Mrs. Nora J. Stearns or William E. Stearns, pay either or survivor"                $1,286.66

3.  Kezar Falls National Bank, Savings Department                $26,093.74

> "Nora J. or W. E. Stearns, Subject
> to the order of either. The balance
> at death of either to belong to the
> survivor"

There is no evidence other than the fact that the husband and wife were in business together showing the source of the funds of said bank accounts or showing whose funds were used in the purchase of the United States Government Bonds. The bonds stood in the name of William E. Stearns, payable on death to Nora J. Stearns.

There were seven exceptions to the findings of the Supreme Court of Probate. Exceptions 1 and 2 relate to the bonds, exceptions 3, 4, 5, 6 and 7 to the bank accounts. The order of names on the bank books is not *prima facie* evidence of ownership. Nor does the fact that a woman assists her husband in his business make any part of the earnings of a jointly conducted business hers. *Holmes* v. *Vigue,* 133 Me. 50.

The presumption in the instant case is that the funds represented by these bank books belonged to the husband, William E. Stearns. That presumption is strengthened by the provisions of Section 3 of the agreed statement which reads as follows: "3. That Nora J. Stearns and William E. Stearns were associated together in the business of trading —cattle, farms, farm machinery and materials, etc. That the only source of wealth of either party brought to the attention of the assessor prior to the assessment date was said joint enterprise."

The burden was on the appellant to show that the State Tax Assessor was in error in making the assessment. There is no evidence in the record which sustains that burden. What we here say indicates that exceptions 3-7 inclusive should be overruled.

Exceptions 1 and 2 rest on a different basis. We shall disregard the claims of the State that these exceptions are

not properly before us and consider the merits of the questions raised by them.

The case of *Harvey* v. *Rackliffe*, 141 Me. 169, involved the title to the proceeds of a United States War Bond registered in the name of William A. Griffin, payable on death to Etta E. Covel. The question was whether the estate of Griffin or the representative of the estate of Etta E. Covel was entitled to the proceeds of the bond. This court recognized the right of the administratrix of the estate of the beneficiary to the proceeds, holding that the federal law and regulations enacted in pursuance thereof providing for such recognition were controlling and took precedence over the state rule to the contrary. The specific policy involved in the instant case is set forth in the following language from Treasury Department Circular No. 654, Second Revision, Fiscal Service Bureau of the Public Debt, dated January 1, 1944: "The bonds shall be subject to estate, inheritance, gift, or other excise taxes, whether Federal or State, but shall be exempt from all taxation now or hereafter imposed on the principal or interest thereof by any state, or any of the possessions of the United States, or by any local taxing authority." *Harvey* v. *Rackliffe* was decided on the theory that there was a contract with the United States for the benefit of a third person and that the failure to recognize such contract by the state might seriously interfere with the ability of the federal government to borrow money. We said, page 181: "Above all else the capacity of the government to borrow at all depends on the inviolability of its obligation, on its ability to carry it out strictly in accordance with its terms. If the state may treat the bonds here involved, or the proceeds of their sale, as the property of some person other than the one whom the contract has designated, the government has thereby been prevented from carrying out the agreement into which it has entered." The appellant argues that the same reasoning applies to the right of the state to levy a succession tax on the proceeds of

a sale as assets in the hands of the administrator of Mr. Stearns' estate. Such is distinctly not the law. The federal law not only does not prohibit such taxation, it permits it. Though it undoubtedly could be argued that the right of the state to tax in this manner might to some extent affect the value of such bonds, it is not the policy of the federal government to prohibit such state taxation.

The question has been decided by some state courts adverse to the contention of the appellant here. *Gregg* v. *Commissioner,* 315 Mass. 704; *Estate of A. T. Myers,* 359 Pa. 577, 60 A. (2nd) 50; *Mitchell* v. *Carson,* 186 Tenn. 228, 209 S. W. (2nd) 20. No case has been cited to us by the appellant the other way. *Harvey* v. *Rackliffe* left undecided the question of the right of the state to levy an inheritance or succession tax on such a bond or on the proceeds thereof.

As a matter of fact the point in issue has been specifically decided by our own court in a case significantly not mentioned by the appellant. *Hallett* v. *Bailey,* 143 Me. 1, 54 A. (2nd) 533. It was there held that such property as is involved here, though it passed to the beneficiary was taxable under the provisions of R. S., 1944, Chap. 142, Sec. 2, Par. I, Subd. C.

The judgment of the Supreme Court of Probate must be affirmed.

*Exceptions overruled.*