*In re* DEWATERS' ESTATE.

1. TAXATION—INHERITANCE TAX—UNITED STATES BONDS—CO-OWNERSHIP.

United States government savings bonds payable to either of 2 persons as co-owners or survivor should not be included among the assets of the estate of the person who dies first for the purpose of determining the State inheritance tax (CL 1948, § 205.201, as amended).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 28 Am Jur, Inheritance, Estate, and Gift Taxes §§ 81, 101, 122–124.

[1, 2] When transfer deemed to be in contemplation of death within the meaning of the inheritance tax law. 7 ALR 1028; 21 ALR 1335; 41 ALR 989; 75 ALR 544; 120 ALR 170; 148 ALR 1051.

When transfer deemed to take effect in possession or enjoyment at or after death within the inheritance tax law. 49 ALR 864; 67 ALR 1247; 100 ALR 1244; 121 ALR 359; 155 ALR 850; 167 ALR 438.

Succession or estate tax as affecting or as affected by estate by entirety or other joint estate with right of survivorship. 1 ALR2d 1101.

[3] 14 Am Jur, Costs § 91.

2. SAME—INHERITANCE TAX—UNITED STATES BONDS—BENEFICIARIES
   —EQUALLY DIVIDED COURT.

    Order of circuit court holding that no inheritance tax was pay-
   able upon United States government savings bonds "payable on
   death" of owner to another person, designated as a beneficiary,
   is affirmed by an equally divided court (CL 1948, § 205.201,
   as amended).

3. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—INHERIT-
   ANCE TAX—UNITED STATES BONDS.

    No costs are allowed on appeal in proceeding to recover inherit-
   ance tax on United States government savings bonds involv-
   ing the construction of a statute, a public question (CL 1948,
   § 205.201, as amended).

Appeal from Genesee; Gadola (Paul V.), J.   Sub-
mitted October 9, 1953.   (Docket No. 57, Calendar
No. 45,929.)   Decided December 29, 1953.

In the matter of the estate of Sarah A. DeWaters,
deceased.  The Department of Revenue of the State
of Michigan petitioned for determination of inherit-
ance tax.  Order determined that "payable on death"
bonds should be taxed.  The administrator with will
annexed and Michigan National Bank appealed to
circuit court.  Judgment that order be reversed and
remanded with direction that government bonds not
be included in taxable property.   Plaintiff appeals.
Affirmed, in part by an equally divided court.

*Frank G. Millard,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *T. Carl Holbrook*
and *William D. Dexter,* Assistants Attorney General,
for plaintiff.

*Gault, Davison & Bowers,* for defendants.

BUSHNELL, J. *(for affirmance).* The department of
revenue of the State of Michigan has appealed from
a judgment of the circuit court of Genesee county,
entered on an appeal thereto by the administrators,

with will annexed, of the estate of Sarah A. De-Waters, deceased, from an order entered by the probate court in which it was determined that certain series G United States government bonds should be included in the assets of the estate for determination of the State of Michigan inheritance tax.

The circuit court held that no inheritance tax was due the State of Michigan and the department of revenue in connection with these bonds. The order of the probate court was reversed and set aside.

In the circuit court the facts were stipulated by the parties as follows:

"Sarah A. DeWaters, deceased (hereinafter referred to as the decedent), died a resident of Genesee county, State of Michigan. At the time of her death, $20,000 face value series 'G' United States government bonds, registered in the names of Mrs. Sarah A. DeWaters or Enos. A. DeWaters and $45,000, face value series 'G' United States government bonds, registered in the name of Mrs. Sarah A. De-Waters, payable on death to Enos A. DeWaters, were found in the decedent's compartment of a double compartment safety deposit box held jointly by the decedent and Enos A. DeWaters in the Michigan National Bank of Flint, Michigan. The 'decedent's compartment' designates the portion of the safety deposit box set aside for the use of the decedent. It was in this portion of the box that the decedent kept property belonging to her separate and segregated from property belonging to Enos A. DeWaters.

"The decedent used her own separate funds to purchase the bonds in question. Further she used and received the income from the aforesaid series 'G' bonds during her lifetime and reported such income for Federal income tax purposes. The decedent did not make delivery of such bonds to Enos A. DeWaters during her lifetime but at all times retained possession and control of the same and in all respects treated the bonds as her separate property."

The parties further stipulated and agreed that the United States treasury department regulations covering savings bonds should be considered and certain extracts therefrom should constitute a part of the printed record in this cause. Among these extracts are the following:

"(2) *Two persons; co-ownership form.* In the names of 2 (but not more than 2) persons in the alternative as co-owners, for example:

"John A. Jones or Mrs. Ella S. Jones.

"No other form of registration establishing co-ownership is authorized.

"(3) *Two persons; beneficiary form.* In the name of 1 (but not more than 1) person, payable on death to 1 (but not more than 1) other person, for example:

"John A. Jones, payable on death to Miss Mary E. Jones. 'Payable on death to' may be abbreviated as 'p.o.d.' The first person named is hereinafter referred to as the owner or registered owner, and the second person named as the beneficiary or designated beneficiary."

Interest on series G registered bonds is "paid on each interest payment date by check drawn to the order of the person or persons in whose name the bond is inscribed, in the same form as their names appear in the inscription on the bond." Such bonds "may be redeemed in whole or in part at the option of the owner, prior to maturity, under the terms and conditions set forth in the offering circular of each series and in accordance with the provisions of the regulations."

The provisions regarding reissue are as follows:

"During the lives of both co-owners the bond will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner; and upon payment to either co-owner the other person shall cease to have any interest in the bond."

A savings bond registered in the name of 1 person, payable on death to another, will be reissued—

"upon the duly certified request of the registered owner together with the duly certified consent of the designated beneficiary, to eliminate such beneficiary, or to substitute another person as beneficiary, or to name another person as co-owner."

Transfers of property subject to tax by the Michigan inheritance tax law (CL 1948, § 205.201 *et seq.*, as amended [Stat Ann 1950 Rev § 7.561 *et seq.*]), can be summarized as follows: (a) transfer by will; (b) transfers by intestate succession; (c) transfers in contemplation of death; (d) transfers intended to take effect in possession or enjoyment at or after death.

The department takes the position that the transfers of both the co-owner and payable on death bonds are subject to the inheritance tax as transfers "intended to take effect in possession or enjoyment at or after the decedent's death." It argues that, although the questions here presented are matters of first impression before this Court, we have on 4 different occasions had inheritance tax matters directly involving the scope of the term "possession or enjoyment at or after death," and, therefore, our decision in those cases should be of material help, citing *People, ex rel. Attorney General,* v. *Welch's Estate,* 235 Mich 555; *Auditor General* v. *Bassett's Estate,* 246 Mich 440; *In re Kutsche's Estate,* 268 Mich 659; and *In re Rackham's Estate,* 329 Mich 493.

It is pointed out in the State's brief that the Michigan inheritance tax statute was adopted in its present form in PA 1899, No 188, from a comparable statute in New York, and that, therefore, the decisions of the court of appeals of New York should be examined. Citations are also given to cases in other jurisdictions which are claimed to be directly in

point regarding the taxability of transfers of both the "or" and "p.o.d." bonds.

We do not attempt to anaylze these authorities or determine their applicability to the instant problem, because we have recently considered a comparable question in *Re Renz' Estate,* decided November 27, 1953, *ante* 347. In the *Renz Case* the department of revenue appealed from an order of the circuit court which upheld the order of the probate court denying the department's petition for the imposition of an inheritance tax on bank accounts which decedent had made jointly between himself and his niece, who survived him.

In that case the department claimed that the decedent, by placing moneys in the bank accounts standing in his name or that of his niece, and payable to either or the survivor, did not make a gift effective in possession and enjoyment by the niece until an actual withdrawal was made by her or until she was entitled to the moneys by surviving the decedent. It argued that the interest of the niece was inchoate during the decedent's lifetime and that Renz could have prevented her from making any withdrawals by so notifying the bank. We held, however, that the joint bank accounts were not subject to the State inheritance tax law.

The situation here is the same as that in the *Renz Case.* The gift to Enos A. DeWaters could have been revoked by his wife in her lifetime by cashing either type bond. The "or" bonds are no different, so far as their nature and taxability are concerned, from the joint bank accounts. As to the "p.o.d." bonds; the treasury department regulations hereinbefore referred to and quoted in part are no different than the "or" bonds insofar as payments during the lives of both owners are concerned, because a "p.o.d." bond "will be paid to the registered owner during his lifetime upon his properly executed request as

though no beneficiary had been named in the registration."

However, "p.o.d." bonds can only be reissued "upon the duly certified request of the registered owner together with the duly certified consent of the designated beneficiary," unless such reissue is for the purpose of naming the beneficiary designated in the bond a co-owner.

We conclude, therefore, in the light of the decision in the *Renz Case* and the regulations of the treasury department, that, so far as the Michigan inheritance tax statute is concerned, neither the "or" nor "p.o.d." bonds are subject to an inheritance tax upon the death of the owner.

The judgment of the circuit court is affirmed. This being a public question, involving the construction of a statute, no costs may be taxed.

DETHMERS, C. J., and CARR and REID, JJ., concurred with BUSHNELL, J.

ADAMS, J. *(for reversal in part)*. I concur with Justice BUSHNELL in his opinion that United States government savings bonds registered in the name of the deceased and another as co-owners should not be included in the assets of the deceased's estate for the purpose of determining the Michigan inheritance tax, but I cannot agree that bonds registered in the name of the deceased and payable on death to another should be treated in the same manner.

The applicable portion of the Michigan statute reads:

"Sec. 1.  *  *  *  A tax  *  *  *  is hereby imposed upon the transfer of any property  *  *  *  in the following cases:  *  *  *

"Third, When the transfer is of property made *  *  *  by  *  *  *  grant  *  *  *  intended to take

effect, in possession or enjoyment at or after such death"

of the grantor. CL 1948, § 205.201, as amended (Stat Ann 1950 Rev § 7.561).

United States treasury department regulations covering savings bonds define the rights of bondholders and provide, in part:

"Sec. 315.4 * * *

"(2) *Two persons; co-ownership form.* In the names of 2 (but not more than 2) persons in the alternative as co-owners, for example:

"John A. Jones or Mrs. Ella S. Jones.
"No other form of registration establishing co-ownership is authorized.

"(3) *Two persons; beneficiary form.* In the name of 1 (but not more than 1) person, payable on death to 1 (but not more than 1) other person, for example:

"John A. Jones, payable on death to Miss Mary E. Jones. 'Payable on death to' may be abbreviated as 'p.o.d.' The first person named is hereinafter referred to as the owner or registered owner, and the second person named as the beneficiary or designated beneficiary."

"Sec. 315.21(a)   *Method of interest payments.* Interest due on a current income bond will be paid on each interest payment date by check drawn to the order of the person or persons in whose name the bond is inscribed, in the same form as their names appear in the inscription on the bond, except that in the case of a bond registered in the form 'A, payable on death to B,' the check will be drawn to the order of A alone until the Bureau of the Public Debt, Division of Loans and Currency, 536 South Clark street, Chicago 5, Illinois, receives notice of A's death, from which date the payment of interest will be suspended until such time as the bond is presented for payment or reissue. Interest so withheld will be paid to the person found to be entitled to the bond."

"Sec. 315.45   *   *   *

"(a) *Payment during the lives of both co-owners.* During the lives of both co-owners the bond will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner."

"Sec. 315.46   *   *   *

"(a) *Payment to the registered owner* [p.o.d. bond]. The bond will be paid to the registered owner during his lifetime upon his properly executed request as though no beneficiary had been named in the registration."

A savings bond registered in the name of one person, payable on death to another, will be reissued

"upon the duly certified request of the registered owner together with the duly certified consent of the designated beneficiary, to eliminate such beneficiary, or to substitute another person as beneficiary, or to name another person as co-owner." Sec. 315.46(b)(2).

It is significant that these regulations distinguish as between "owner" and "beneficiary." In the case of co-owners, each has equal rights in relation to payment of interest and principal. In contrast, the income from "p.o.d." bonds is payable only to the owner during his lifetime. When due, the proceeds of the bond are likewise paid exclusively to the owner, if alive.

Under such circumstances, the interest of the beneficiary in the bond is, in the first instance, inchoate. He has neither enjoyment nor possession until the death of the owner. There is no gift *inter vivos* because he takes nothing during the lifetime of the owner. While the consent of the beneficiary must be obtained to effectuate reissue prior to the date of payment, that requirement ceases to exist when the bond becomes due and the proceeds are paid to

the owner. Such limited control by the beneficiary is not an adequate criterion in a determination of ownership.

The assignment or grant of the bond to the beneficiary does not become effective in any real sense until the death of the owner. Such a transfer falls within the statutory definition and is taxable under our inheritance tax statute.

" 'The test is always whether the property comes into possession and enjoyment of the transferee upon the death of the transferor. If the death of the transferor makes no difference in the rights of the parties there is no tax.' Gleason & Otis on Inheritance Taxation (4th ed), p 876." *People, ex rel. Attorney General,* v. *Welch's Estate,* 235 Mich 555, 566.

The judgment of the circuit court is affirmed as to the determination of tax on the bonds held in co-ownership and should be reversed as to the determination of tax on the "payable on death" bonds. No costs.

BUTZEL, SHARPE, and BOYLES, JJ., concurred with ADAMS, J.