5 Mich. App. 390 (1966)
146 N.W.2d 711
In re ESTATE OF LeDUC.
DEPARTMENT OF REVENUE
v.
JACQUES.
Docket No. 2,112.
Michigan Court of Appeals.
Decided December 8, 1966.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and Donald K. Goulais, Assistant Attorney General, for the department of revenue.
Robert A. Wood, for Darcy LeDuc Jacques.
Coates & Kline (Claude W. Coates, of counsel), for Margaret LeDuc and Charles LeDuc.
BURNS, P.J.
In December of 1952, Edmund LeDuc, the decedent, purchased United States government *392 bonds, series H, in his own name, which were payable on death (P.O.D.) to Darcy LeDuc, now Mrs. Jacques. The bonds were retained by the decedent in his safety deposit box until his death on April 26, 1958. After the safety deposit box was inventoried by the county treasurer on May 27, 1958, the bonds were delivered to Mrs. Jacques. Within 1 year from the date of the decedent's death a partial determination of inheritance tax was made, and the administrators of the estate paid the tax to the Chippewa county treasurer. The bonds were not included in the estate, nor was any tax assessed on said bonds. A final determination of inheritance tax, which included said bonds, was entered and filed on February 2, 1965.
The administrators filed a petition for a rehearing and the court modified its prior order and determined that the bonds were not subject to the State inheritance tax. The Michigan department of revenue appealed to the Chippewa county circuit court which affirmed the probate court.
Only one case involving this issue has been contested in our Supreme Court and that case ended in a draw. In In re DeWaters' Estate (1953), 338 Mich 457, the department of revenue appealed a judgment of the circuit court holding that such bonds were not taxable. The judgment of the circuit court was affirmed by an equally divided Court.
This Court is not bound by the DeWaters' Case, supra. The legal conclusions of a Justice of the Supreme Court writing for affirmance of a judgment, affirmed by an evenly divided Court, are law for that case only. Kangas v. New York Life Insurance Co. (1923), 223 Mich 238. See also, Zirkalos v. Zirkalos (1949), 326 Mich 420. Justice CLARK ADAMS stated in the DeWaters' Case, supra, on page 466:
*393 "The assignment or grant of the bond to the beneficiary does not become effective in any real sense until the death of the owner. Such a transfer falls within the statutory definition and is taxable under our inheritance tax statute.
"`"The test is always whether the property comes into possession and enjoyment of the transferee upon the death of the transferor. If the death of the transferor makes no difference in the rights of the parties there is no tax." Gleason & Otis on Inheritance Taxation (4th ed), p 876.' People, ex rel. Attorney General, v. Welch's Estate [1926], 235 Mich 555, 566."
We will not attempt to analyze the historical background nor the authorities bearing on this issue. We think that Justice ADAMS' opinion in the DeWaters' Case, supra, whereby he held that such bonds are subject to the State inheritance tax, is logical, and we hereby adopt it for this case.
The appellee has raised 2 questions on appeal which, due to the court's holding, were not decided by the trial court. While this Court ordinarily does not pass upon issues not decided by the trial court, we feel obligated to comment on the additional questions in order to expeditiously complete this litigation.
Appellee claims that the matter of taxation of the bonds was waived by the State or it was res judicata because the tax was not determined in the original hearing. The cases cited by counsel are not in point; said cases refer to final orders of the probate court which were not appealed. In this particular case the first determination was designated as a partial determination allowed by statute[*] and did not purport to be a final determination. Under such circumstances the State did not waive its right to *394 assess the tax at the final hearing, nor was it res judicata.
The second question posed by the appellee is whether the beneficiary or the administrator is liable for the tax. CL 1948, § 205.203 (Stat Ann 1960 Rev § 7.564) states:
"Every such tax and the interest thereon herein provided for shall be and remain a lien upon the property transferred until paid, and the person to whom the property is so transferred and the administrator, executor, and trustee of every estate so transferred, shall be personally liable for such tax until its payment."
The statute is explicit; both the beneficiary and the administrator are liable for the tax.
Judgment of the circuit court is hereby reversed. No costs, this being a public question.
FITZGERALD and T.G. KAVANAGH, JJ., concurred.
NOTES
[*] CL 1948, § 205.213 (Stat Ann 1960 Rev § 7.574).