*In re* GODOSHIAN ESTATE

Docket No. 53432. Submitted June 2, 1981, at Detroit.—Decided October 7, 1981. Leave to appeal applied for.

Alexander J. Jemal, Jr., as administrator of the estate of Frank Godoshian, deceased, was held liable for unpaid inheritance taxes on United States savings bonds, payable upon the death of the decedent, Wayne Probate Court, Anthony J. Szymanski, J. Jemal appeals. *Held:*

1. The bonds were part of the decedent's estate and were subject to inheritance taxes.

2. The administrator is personally liable for payment of the taxes under the provisions of the inheritance tax act and could not be compelled to remit the bonds to the beneficiary prior to payment of the taxes.

3. There is no federal impediment to either the taxation of the bonds or their retention by the administrator until the payment of the taxes.

Affirmed.

1. TAXATION — INHERITANCE TAXES — UNITED STATES SAVINGS BONDS — STATUTES.

United States savings bonds, payable to a named beneficiary upon the death of the owner, are part of the decedent's estate and upon transfer are subject to Michigan inheritance taxes, there being no federally imposed impediment to state taxation, and the liability for payment of the taxes rests on both the beneficiary and the administrator of the estate (31 USC 742, MCL 205.201, 205.203[1], 205.221[b]; MSA 7.561, 7.564[1], 7.582[b]).

2. TAXATION — INHERITANCE TAXES — EXECUTORS — STATUTES.

An administrator of a decedent's estate need not deliver, nor can

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Inheritance, Estate, and Gift Taxes § 319.

Valuation of United States Treasury bonds for state inheritance or estate tax purposes. 62 ALR3d 1272.

Burden of state inheritance, estate, or succession tax on United States savings bonds, as affected by direction in will. 39 ALR2d 703.

[2] 42 Am Jur 2d, Inheritance, Estate, and Gift Taxes § 321.

he be compelled to deliver, any specific legacy or property of the estate subject to inheritance taxes to any person until the amount of the taxes is remitted to him or paid to the county treasurer, and he may sell or mortgage so much of the property as will enable him to pay the taxes; delivery of the property prior to collection of the amount due for taxes does not relieve the administrator of personal liability for payment of the taxes (MCL 205.203[1], 205.205; MSA 7.564[1], 7.566).

*Alexander J. Jemal, Jr., in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman* and *Gary Kress,* Assistants Attorney General, for the Department of Treasury.

Before: Bronson, P.J., and R. M. Maher and F. X. O'Brien,[*] JJ.

Bronson, P.J. This case involves the liability of an estate administrator for unpaid inheritance taxes on payable on death (P.O.D.) United States savings bonds. On August 14, 1980, the probate court issued an opinion and order holding appellant personally liable for inheritance taxes in the amount of $817.06 on certain P.O.D. bonds. From this order, appellant appeals as of right.

Appellant, Alexander Jemal, Jr., was the administrator of the estate of Frank Godoshian. During the course of his efforts to probate the estate, appellant found approximately $11,000 in P.O.D. bonds in Godoshian's safe deposit box, naming Maria Chunko as beneficiary. Appellant had the inheritance taxes determined separately for the P.O.D. bonds and Godoshian's $5,000 bank account. Upon demand of an attorney representing Chunko, appellant turned over the bonds. Chun-

[*] Circuit judge, sitting on the Court of Appeals by assignment.

ko's attorney assured him that the taxes would be paid, but they were not.[1]

Appellant contends that P.O.D. bonds are not part of the estate of their owner. He argues that, although he had physical custody of the bonds at one time, he had no right to dispose of them and had to turn them over to the beneficiary on demand. As such, he asserts that he cannot be held personally liable for the inheritance taxes due on the bonds.

The appellate courts of this state have on two prior occasions considered the arguments advanced by appellant. In *In re DeWaters' Estate,* 338 Mich 457; 61 NW2d 779 (1953), the Supreme Court affirmed a judgment of the circuit court holding that such bonds were not taxable. However, this decision was rendered by an equally divided court. Thus, it had no precedential value outside of the specific case under consideration. This Court, in *In re Estate of LeDuc,* 5 Mich App 390; 146 NW2d 711 (1966), noting the absence of a majority for a finding of either taxability or untaxability in *DeWaters' Estate,* held that P.O.D. bonds were part of the deceased's estate, were taxable, and that both the administrator and beneficiary were liable for the taxes.

Appellant urges us not to follow *LeDuc.* He contends that the summary nature of the analysis in the *LeDuc* opinion renders it virtually worthless as controlling precedent. We believe *LeDuc* was correctly decided.[2] However, we choose to set forth a more detailed analysis of the issues in dispute than presented in *LeDuc.*

---

[1] The court also entered a judgment in favor of Jemal against Chunko for the $817.06.

[2] We note that the panel of this Court which rendered the *LeDuc* opinion included now Justices FITZGERALD and T. G. KAVANAGH. Thus, were we to hold against *LeDuc,* we would expect two members of the current Supreme Court to disapprove of our position *ab initio.*

Although the question of the taxability of payable on death bonds has not been extensively litigated, those states considering the problem have generally held them subject to inheritance taxes. See, *Succession of Raborn,* 210 La 1033; 29 So 2d 53 (1946), *Mitchell v Carson,* 186 Tenn 228; 209 SW2d 20 (1948), *Gould v Johnson,* 146 Me 366; 82 A2d 88 (1951).[3] Basically, the taxability of P.O.D. bonds turns on each state's statutes relating to inheritance taxes. There is no federally imposed impediment to the states' taxation of United States savings bonds as part of the estate of the deceased. 31 USC 742 explicitly excepts "estate taxes or inheritance taxes" from within its ambit generally exempting United States bonds from taxation. No other provisions of the United States Code provide an exemption from inheritance taxes for P.O.D. bonds.

Michigan imposes an inheritance tax on the transfer of any property upon death with a value of $100 or more. MCL 205.201; MSA 7.561. "Transfer" is defined by statute as follows:

" 'Transfer' includes the passing of property or an interest in property in possession or enjoyment, present or future, by inheritance, descent, devise, bequest, grant, deed, bargain, sale, or gift in the manner prescribed in this act." MCL 205.221(b); MSA 7.582(b).

This provision clearly applies to the bonds transferred to Chunko on Godoshian's death. Thus, under Michigan law, the P.O.D. United States bonds were taxable as part of the deceased's estate.

Additional provisions of Michigan's inheritance

[3] See, also, McGovern, *The Payable on Death Account and Other Will Substitutes,* 67 Northwestern U L Rev 7, 29-31 (1972).

tax statutes reveal that appellant, as administrator of the estate, is a person who is personally liable for payment of the taxes. MCL 205.203(1); MSA 7.564(1) provides in relevant part:

"The tax and the interest on the tax provided for in this act shall become a lien upon the property transferred until paid, unless payment of the tax has been deferred as permitted by this section or section 2d. If a deferral of payment is granted under this section or section 2d, the lien provided by this section shall attach at the end of the deferral period granted by this section or section 2d. The person to whom the property is transferred and the administrator, executor, and trustee of every estate transferred, shall be personally liable for the tax until its payments; except that the executor or administrator shall not be personally liable for the tax upon a reversion or remainder consisting of real estate where the election provided for in section 7 or the deferral in this section or section 2d is made."

Appellant argues, however, that the statutory material quoted above is inapplicable to this case because he did not have the authority to sell the bonds to raise the taxes pursuant to MCL 205.205; MSA 7.566 and because he had no right to withhold the bonds from the named beneficiary, Chunko. We disagree that appellant was required to turn the bonds over to Chunko prior to the collection from her of the taxes due upon them. The emphasized language appearing in MCL 205.205; MSA 7.566, below, suggests the course appellant should have taken here:

"Every executor, administrator, trustee or other person shall have full power to sell or mortgage so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of a decedent or ward; except that in cases where the transfer is two [2] or more persons in common, and [1] or more of them shall have paid his proportion of such tax, such executor, administrator, trustee, or other person shall sell or

mortgage only the interest of such of the persons to whom the property was transferred as have not paid the tax, to pay the tax due upon such share or shares. Any such administrator, executor, trustee or other person having in charge or in trust any legacy or property for distribution subject to such tax, shall deduct the tax therefrom; and within thirty [30] days thereafter shall pay over the same to the county treasurer as herein provided. *If such legacy or property be not in money, he shall collect the tax thereon as determined by the judge of probate from the person entitled thereto, unless such tax has been paid to the county treasurer. He shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this act to any person until the tax assessed thereon has been paid to him or to the county treasurer.* "(Emphasis supplied.)

Contrary to appellant's assertion, then, he did have a remedy. He could have retained possession of the bonds until Chunko paid the taxes. Appellant finally asserts, however, that federal law prohibited his retention of the bonds and preempts any conflicting state statute.

As noted earlier, the United States Code generally allows for the taxation of federal bonds on the death of their owner. Nothing in the federal statutes that appellant cites us to or that we have been able to uncover precluded his retention of the P.O.D. bonds until payment of the taxes. Moreover, the Code of Federal Regulations makes it clear that no beneficiary of a bond will be paid who does not have personal possession of the bond. 31 CFR 315.37(a). In addition, the Treasury Department will not undertake to protect the interests of litigants who do not actually possess the bonds. 31 CFR 315.20. Finally, the regulations provide a procedure by which judgment creditors may force the sale of the bonds and be paid out of the proceeds obtained therefrom. 31 CFR 315.22(a).

Affirmed. Costs to appellee.