COMMISSIONER OF INTERNAL REVENUE v. TWOGOOD'S ESTATE.

No. 135, Docket 22160.

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1952.

Decided Feb. 25, 1952.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, Melva M. Graney, Sp. Assts. to Atty. Gen., for petitioner.

Logan Fulrath, New York City, for respondent.

Before SWAN, Chief Judge, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

Frederick John Twogood was employed by the Standard Oil Company of New York in 1912 and worked for that company and its successor companies, to be called his employer, in the North China area until he was interned by the Japanese in the early part of World War II. Upon his release, he returned to the United States and died, a resident of New York, on April 28, 1944.

His employer had in effect during the entire period of his employment a retirement, or pension, plan for its employees which was underwritten and administered by the Metropolitan Life Insurance Company and called "Group Contract No. 103," hereinafter called the plan. The decedent made contributions to the plan which, in the aggregate, totaled $8,616 and, under it, was entitled to retire after thirty continuous years of foreign service and to receive an annuity of $1,073.34 a month during the remainder of his life. He was also entitled, upon request made before his retirement date, to reduce the annuity payable to him upon his retirement and to designate a dependent to whom annuity payments would be made after his death in a further reduced amount if that designated person survived him. By the terms of the plan, this election could not be changed by the decedent within five years before he reached retirement age, which was on June 1, 1942, except with the consent of the insurance company and, after then, it could not be changed at all. Nor could he, or the designated dependent, sell, assign or transfer in any way their rights to the annuity payments. If, however, either the decedent or his dependent so designated died before the decedent reached the retirement date, his request for change became inoperative; but, if both were living on that date and the designated dependent died thereafter and before the decedent, the latter was, nevertheless, only entitled to the reduced annuity elected by him.

On October 15, 1937, the decedent exercised this option, by electing to receive only $955.82 a month if and when he became eligible to retire and designating his then wife, Theresa C. Twogood, as his dependent who was to be entitled to receive an annuity of $416.67 monthly if he lived to retire and she survived him. Subsequently, on June 18, 1938, the decedent and his wife executed a separation agreement, incident to a decree of divorce he obtained from her in that year, in which he agreed never to change his designation of her under the plan. When he reached his normal retirement date, June 1, 1942, the decedent was still interned by the Japanese but, after he returned to this country, he retired, on July 1, 1943, and was paid his annuity at the reduced amount elected until his death. After his death, in 1944, monthly payments to his former wife were made in accordance with the terms of the plan.

A federal estate tax return was duly filed. After an audit, the Commissioner increased the amount of the gross estate, as shown in the return, by adding $107,945.-59 which was the value at the decedent's death of the annuity when it became payable to his former wife. This was done on the ground that, when the decedent elected to receive a reduced annuity himself, and to have an annuity paid to a designated dependent after his death, he made a transfer within the meaning of Section 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c). A majority of the Tax Court reversed the Commissioner "on the theory that the decedent's right to receive an annuity *was property,* part of which he transferred to his wife" but that, nevertheless, the property was not includible in the decedent's gross estate since "the decedent did not make a transfer within the meaning of section 811(c) of the Code, as amended by P. L. 378 (1949), in electing to receive a reduced annuity." Three judges concurred only in the result, apparently because they

were unwilling to overrule Estate of Higgs, 12 T.C. 280, reversed, 3 Cir., 184 F.2d 427, where it was held that a similar request by an employee under a like plan was a transfer within section 811(c). These three judges relied on the fact that the statute had since been changed "to require that the transferor must retain a reversionary interest if the transfer is to be taxable under section 811(c)" and that no reversion was here retained by the decedent. With that we agree and consequently need not decide whether a transfer within the meaning of section 811(c) was made.

■■ The sole contention of the Commissioner now is that the value of the annuity payable to Theresa C. Twogood was includible in the decedent's gross estate by virtue of section 811(c) (1) (B) in that the decedent made a transfer of property under which he retained for his life the possession or enjoyment of, or the right to, the income from the property. We also have no occasion to pass upon whether the decedent's election under the plan was a transfer of property within the meaning of this section of the statute since, as we view the facts, no life interest was retained by the decedent in whatever his wife received by his election under the plan. All that the decedent had prior to his reaching his retirement date was a right to receive an annuity which was contingent upon his meeting the requirements for retirement. This right became vested, at the latest, on July 1, 1943 when he completely retired from the service of his employer and began to receive annuity payments. While it is true that the payments he received were reduced in amount as a result of his electing to designate a dependent to receive further payments after his death, which designation was made irrevocable by the agreement made incident to his divorce in 1938, in no sense can it be said that the payments the decedent received were derived from any retained interest in what his then wife might receive by virtue of his election under the plan. The realities of the situation compel a contrary interpretation. Not only had he no such retained interest in the rights created in his wife, but in fact his right to payments under the plan were merely reduced

by the act which created rights in his wife. To meet the requirements of section 811(c) (1) (B) there must be some causal relationship between the property transferred and the payments received by the transferor and no such relationship here exists. We hold, therefore, that the value of the annuity payable to Theresa C. Twogood is not includible in the decedent's estate under section 811(c)(1)(B).

Decision affirmed.