In the Matter of the Estate of HERMAN K. ENDEMANN, Deceased. STATE TAX COMMISSION, Appellant; SARAH H. ENDEMANN, as Executrix of HERMAN K. ENDEMANN, Deceased, Respondent.— The decedent was a member of the New York City Employees' Retirement System; and upon retirement in 1936 he selected option 3, which provides a reduced annuity to the member for life and an annuity of one half such reduced amount to his widow, for her life, contingent upon her surviving. The decedent received his annuity until his death in 1947, and thereafter his widow became entitled to and has received an annuity of one half the amount. Of the total reserves available upon the member's retirement, part was contributed by the member and part by the employer, and having selected his option the member had no right to alter it. The Surrogate has held that the decedent's exercise of the option was a transfer under subdivision 3 of section 249-r of the Tax Law, as it existed on November 4, 1947, the date of death; and that the value of the widow's annuity is includible in the decedent's gross estate for estate tax purposes. The Surrogate has held further, however, that imposition of the tax "upon the annuity payable to the widow of a retired city employee pursuant to an option selected by him on retirement is prohibited by section 5 of article XVI of the New York State Constitution"; and excluded the value of the widow's annuity from the decedent's gross estate. Order of the Surrogate's Court, Queens County, modified on the law by striking therefrom the figure "$464.53" and by substituting in place thereof the figure "$519.67". As thus modified the order is affirmed, without costs. The facts are not in dispute. Informal findings are affirmed. The exercise of option 3 by the decedent was a taxable transfer under subdivision 3 of section 249-r of the Tax Law, as it existed on November 4, 1947. Neither section 5 of Article XVI nor section 7 of Article V of the State Constitution prevents the imposition of the estate tax on this transfer. The value of the decedent's interest in the transfer was $5,514.44. Where, as here, there is a satisfactory form of evidence which shows the actual value of the transfer made by the decedent, there is no need for requesting the Superintendent of Insurance, under section 249-v of the Tax Law, to make a computation based on statutory assumptions. (*Matter of Keenan,* 302 N. Y. 417.) The transfer is to be valued on the interest of the decedent therein, not on the value of the asset to the living beneficiary. In other words, the valuation is for the purpose of an estate tax, there being no "inheritance tax". (Tax Law, § 249-r; *Matter of Hard,* 261 App. Div. 192, 194.) The certificate of valuation issued by the Superintendent of Insurance at the request of the tax appraiser was predicated on insufficient facts, all the relevant facts not having been furnished to the Superintendent. It was computed on the basis of a single life annuity instituted at age seventy-three; it did not

consider that a survivor's annuity is concerned; and it will be disregarded as inconclusive. As appears by the evidence herein, the survivor's annuity was actually valued by the retirement system, although not separately expressed. The total reserves or fund available at the time of retirement, and applicable to the creation of an annuity or annuities, was $34,183.04. The sum of the values of the two annuities actually chosen must equal $34,183.04. (*Estate of Twogood*, 15 T. C. 989, 991-992, affd. 194 F. 2d 627.) The single life annuity chosen by the decedent was in the amount of $3,140.60, and it was of the value of $28,668.60. The difference between this last amount and the amount of the total reserves is $5,514.44. That is the actually determined value of the respondent widow's annuity as of the time of its creation. The value of the single life annuity taken by the decedent, $3,140.60, is computed as follows: The maximum single life annuity available to him under the $34,183.04 fund was $3,747.69. The value of the lesser single life annuity, actually taken by him, is similarly proportionate to the reserve fund; and it is $28,668.60. The actual value of the widow's annuity at the time of its creation, $5,514.44, may be described in language more relevant to an estate tax proceeding as the value of the interest transferred by the decedent. We hold that this value was also the value of the transfer at the date of death, particularly as no act of the decedent in the interval could have altered it. The evidence having demonstrated the actual value of the asset, there is no necessity that it be computed under the statutory methods (Tax Law, § 249-v), but we are of opinion that the method actually employed conformed to the statutory methods as extended. (*Matter of Keenan*, 302 N. Y. 417, 422-423, *supra*.) Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., dissents and votes to reverse the order appealed from and to reinstate the *pro forma* taxing order of June 17, 1948, with the following memorandum: The *pro forma* order, based on the report of the appraiser, included in decedent's gross estate the sum of $8,572, representing the value at the time of decedent's death of the life annuity payable to decedent's widow. I agree with the determination by the majority that the exercise of option 3, by which the annuity was provided for decedent's widow, constituted a taxable transfer, and that the imposition of a tax thereon is not unconstitutional. I am in disagreement, however, with the conclusion that the valuation of the annuity by the Superintendent of Insurance was predicated on insufficient facts, and with the majority's determination of the value of the annuity for tax purposes. It may be that the value thus determined would be the value of the annuity at the time of the exercise of the option in accordance with computations employed in the retirement system. The Surrogate is required, however, to determine the value of the transfer as of the time of the decedent's death, and is further required to determine such value, not in accordance with methods employed in the retirement system, but by the rule, method and standard of mortality and value employed by the Superintendent of Insurance in ascertaining the value of annuities for the determination of liabilities of life insurance companies. The transfer under consideration here, when it took effect on decedent's death, was not subject to any contingency, and was properly valued by the appraiser, on a certificate of the State Superintendent of Insurance issued on consideration of all of the relevant facts. Schmidt, J., dissents and votes to affirm the order, being of the opinion that at the time of his death decedent had no property in this fund and that he had at no time made a transfer of any interest in the fund. [201 Misc. 1077.] [See *post*, p. 840.]