ESTATE OF THOMAS J. WHITE, DECEASED, RAYMOND F. MCCAULEY, VIRGINIA G. WHITE AND RALPH D. PAINE, JR., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43740.    Filed June 23, 1954.

*Warren P. McGoldrick, Esq.*, for the petitioner.
*Maurice E. Stark, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $27,666.14 in estate tax. The only issue for decision is whether the

petitioner is entitled to a marital deduction. The parties have filed a stipulation of facts which is adopted as the findings of fact.

The decedent, Thomas J. White, died testate on July 9, 1948, while residing in the State of New York. He was survived by his widow, Virginia, and five children: Anne Paine, Carmel Eitt, Thomas J. White, Jr., Peter G. White, and John Michael White. The estate tax return was filed with the collector of internal revenue for the first district of New York.

A number of policies of insurance were reported in the return under Schedule D, Insurance, at a value of $51,446.43 from which a marita¹ deduction of 50 per cent or $25,723.22 was subtracted. The issue does not involve these items.

The return under the same schedule showed a second group of 12 policies of life insurance in the Northwestern Mutual Life Insurance Company, Virginia the beneficiary, and total value at the date of death of $136,450.04, with notations that:

Pursuant to agreement dated March 20th, 1936 as supplemented by agreement June 2nd, 1941 executed by deceased, the policies of insurance * * * hereinbelow listed were given and assigned to Virginia G. White with no incidents of ownership retained by deceased * * *

The aggregate face value of the above described policies amounted to $160,-000.00. Beneficiary, Virginia G. White, borrowed on the above described policies an amount which aggregated as of the date of death, July 9, 1948, the sum of $23,822.42, with interest thereon amounting to $990.04. The aggregate amount of the indebtedness, plus interest, was deducted and paid when the above policies became due and payable, leaving the value of such policies as of the date of death at $136,450.04 as above set forth.

The stated value of the 12 policies was not included in the gross estate tax shown on that return.

The Commissioner, in determining the deficiency, added $136,450.04 to the gross estate and explained:

The determined amount of $136,450.04, representing the aggregate of the net proceeds of the 12 policies of the Northwestern Mutual Life Insurance Company, embraced in the group of policies referred to above, is included as a part of decedent's gross estate, pursuant to the provisions of Section 811 (g) of the Internal Revenue Code, as amended.

Paragraph 8 of the stipulation is as follows:

The determination of tax set forth in said Notice of Deficiency is based in part upon the following:

(A) The disallowance by the Commissioner of Internal Revenue of a marital deduction on a group of twelve insurance policies of the Northwestern Mutual Life Insurance Company in the aggregate net amount of $136,-450.04 which was included as a taxable part of the decedent's gross estate (reference to the policies involved are set forth in Schedule "D" of the decedent's Estate Tax Return).

The decedent was the insured under all of the 12 Northwestern policies and paid the premiums thereon. He executed two instru-

ments dated March 20, 1936, one of which related to eight of the Northwestern policies and the other of which related to three of those policies. The value listed on the return for the policy which was not referred to in either instrument was $1,571.05. The two instruments stated that the insured designated Virginia as beneficiary, designated his five children as contingent beneficiaries, and revoked all prior designations of beneficiaries. The following is from the instrument relating to eight of the policies:

SETTLEMENT OF THE FULL PROCEEDS of said policies shall be made with Virginia G. White, the beneficiary, in accordance with the provisions of Option A, with the privilege of changing settlement to Option C, 120, 180 or 240 stipulated installments. In event of the death of the beneficiary, settlement with Nancy, Carmel, Thomas J. Jr., Peter G. and John M. White, the contingent beneficiaries, shall be made under Option A, each to have the privilege of withdrawing not to exceed one-half (½) of his or her share after attaining the age of 25 years, and the balance after attaining the age of 30 years; provided however, in event of the death of the beneficiary while receiving settlement under Option C, then the contingent beneficiaries shall continue under such option in accordance with its terms as to the stipulated installments remaining unpaid, if any, each to have the privilege of commutation as to his or her share after attaining the age of 30 years. The right to surrender and withdraw or commute shall be withheld from the beneficiary and contingent beneficiaries except as expressly permitted in this request. Any and all payments to the lawful surviving child or children of any of said contingent beneficiaries deceased shall be made in one sum.

ALL INTEREST PAYMENTS under Option A and the second and subsequent stipulated installments under Option C will be subject to increase by such dividends as may be apportioned by the Company.

THE POWER to exercise all rights and privileges specified in and/or conferred upon the insured by the terms of said policies, including the right to change or revoke the designation of beneficiary, contingent beneficiaries, further payees and option settlement, shall during the lifetime of the insured, be vested solely in Virginia G. White, except that no one shall be designated as beneficiary or contingent beneficiary without the consent of said Insurance Company.

In event of the death of Virginia G. White before said policies become payable, the power to exercise all rights and privileges shall vest solely in the insured.

I HEREBY DIRECT pursuant to Section 15 of the New York Personal Property Law as amended, that the benefits accruing to any of Virginia G., Nancy, Carmel, Thomas J. Jr., Peter C. and John M. White, during his or her lifetime, shall not be transferable nor subject to encumbrance, nor to legal process, except in an action to recover for necessaries.

* * * * * *

THE RIGHTS of the payees herein designated shall be subject and subordinate to any outstanding indebtedness on account of said policies in favor of said Insurance Company.

ALL POLICY PROVISIONS inconsistent herewith are suspended.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY is hereby requested and directed to make the foregoing provisions a part of said policies.

The other instrument dated March 20, 1936, relative to three policies contained similar provisions.

Virginia executed an instrument dated June 2, 1941, to which the decedent consented. It stated that Virginia, the direct beneficiary under all 12 of the Northwestern policies,

hereby request[s] and direct[s] that in event no direct beneficiary or contingent beneficiary survives the insured, and provided there be no lawful child or children of said contingent beneficiaries living, the proceeds of said policies shall be payable. when due, to the executors, administrators or assigns of Virginia G. White.

I HEREBY further direct that in event of my death before said policies shall become payable, the power to exercise all the rights and privileges conferred upon me by the terms of the Supplemental Agreement dated March 20, 1936 attached to and made a part of said policies shall be vested solely in my executors, administrators or assigns instead of in the insured as now provided therein.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY is hereby requested and directed to make the foregoing provisions a part of said policies.

No further designations were made and the proceeds of the policies became payable to Virginia as beneficiary.

Copies of the policies were not introduced in evidence and the foregoing is all of the pertinent information contained in the stipulation.

The only issue for decision is whether the marital exemption applies to the $136,450.04 included in the gross estate as the value of the 12 Northwestern policies at the date of the decedent's death. The notice of deficiency states that these proceeds were included in the gross estate under section 811 (g). That section provides, *inter alia*, that the value of the gross estate shall be determined by including the value at the time of his death of all property—

To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person.

It has been stipulated that the decedent paid the premiums on the policies and the petitioner in its brief proposes a finding of fact that "Decedent continued to pay the premiums on said policies until his death," although the stipulation does not show when he paid the premiums. The inclusion in the gross estate in this case could have been made because the policies upon the life of the decedent were purchased with premiums paid directly by the decedent.

Neither of the instruments of March 20, 1936, referred to Policy No. 1989111. There is a failure of proof as to it and for that reason, if for no other, the determination of the Commissioner as to it must stand.

The petitioner argues that the interest of Virginia, the surviving spouse, in these policies was not a terminable one within the meaning

of section 812 (e) (1) (B) and, therefore, the marital deduction based upon the value of the policies is allowed under (A). The petitioner reasons that the decedent assigned to Virginia the sole power during his life to exercise all rights and privileges which he had with respect to the other 11 Northwestern policies; she could have made herself the sole beneficiary and provided a method of payment under which she would necessarily have received all of the proceeds of the policies; and since she failed to do so any interests passing to the contingent beneficiaries, at the death of the decedent or later, passed from her rather than from the decedent. Virginia made no change of any kind under the powers granted her which would make any difference in the decision of this case. The policies became due upon the death of the decedent and the proceeds then became payable to Virginia as beneficiary and to the contingent beneficiaries, all as provided by the decedent. It is immaterial that she might have made changes prior to her husband's death. Her powers with respect to making any changes with respect to the policies then ceased except for her right to select Option C over Option A. The stipulated facts do not show what the provisions of Option A were or any details of Option C except those stated in the instruments dated March 20, 1936. The petitioner does not contest the inclusion by the Commissioner of an amount equal to the entire proceeds of these insurance policies in the value of the gross estate of the decedent for estate tax purposes. The theory of that inclusion is that for estate tax purposes the proceeds of the policies passed from the decedent to whatever beneficiaries actually received them. *Chase National Bank* v. *United States*, 278 U. S. 327; *Colonial Trust Co.* v. *Kraemer*, 63 F. Supp. 886, 873, *et seq.; Estate of William S. Miller*, 14 T. C. 657, 662. The petitioner's argument is inconsistent with this uncontested inclusion.

Subparagraph (B) prohibits a marital deduction where the interest passing to the surviving spouse will terminate upon the occurrence of an event and an interest after the termination passes from the decedent to any person other than the surviving spouse. The interest in the proceeds of these policies which passed to the surviving spouse of the decedent will terminate upon her death and if, prior to that time, all of the proceeds have not been paid to her, the interest in those unpaid portions will pass from the decedent to the contingent beneficiaries, persons other than the surviving spouse. Thus, an event, namely, the death of the surviving spouse, will terminate the interest passing to her if she has not already received all of the proceeds, and after the termination an interest will pass from the decedent to persons other than the surviving spouse. Thus, the interest of the surviving spouse in the proceeds of the policies which

became due upon the death of the decedent was a terminable one within the meaning of section 812 (e) (1) (B) and the marital deduction is not allowed unless the facts bring this case within section 812 (e) (1) (G).

There is a requirement in section 812 (e) (1) (G) that the surviving spouse have the power to appoint all amounts payable under insurance policies in all events. It is conceded that she had no such power after the decedent died. Virginia's only power as surviving spouse, so far as this record shows, was the privilege of changing the settlement from Option A "to Option C, 120, 180 or 240 stipulated installments" and in either case the contingent beneficiaries might share in the proceeds subject to no power in the surviving spouse "to appoint all amounts payable under such contract." Clearly, no marital deduction is allowed this petitioner under section 812 (e) (1) (G) based upon the inclusion in the gross estate of the value of the 11 Northwestern policies.

Reviewed by the Court.

*Decision will be entered for the respondent.*