KENT INDUSTRIAL CORPORATION, IN DISSOLUTION, KENNETH CARROAD, GUNHILDE R. CARROAD AND CECILIA A. MENZEL, TRUSTEES, PETITIONERS, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50787. Filed October 31, 1955.

*Theodore Propp, Esq.*, for the petitioner.
*Robert J. Cowan, Esq.*, for the respondent.

OPINION.

Kern, *Judge:* The narrow question presented by this proceeding is whether the interest payments received by the transferor corporation during the taxable year upon the purchase money bond and mortgage executed in connection with the sale of its real estate in 1945, constitute "rents" under the terms of section 502 (g) of the Internal Revenue Code of 1939, set out in the margin hereof.[1] If they do, then "rents" constituted more than 50 per centum of the corporation's gross income and the corporation would not be subject to tax as a personal holding company. Obviously, a different result would be reached if the interest payments should be considered to be interest rather than rents.

The language in the quoted section of the Code which is pertinent to our question first appeared in section 403 of the Revenue Act of 1938. At the time of its enactment the Congressional intent was expressed in House of Representatives Report No. 1860, 75th Congress, 3d Session (Mar. 1, 1938), reprinted in 1939–1 C. B. (Part 2) 728, in which the following appears at page 765:

INTEREST ON DEBTS CONSIDERED AS RENT.

In order to relieve from the surtax imposed by Title IA of the bill certain operating companies whose principal business consists in the development of real estate for sale, section 403 makes a change in the treatment of certain types of interest as compared with the corresponding provision of the Revenue Act of 1936, as amended. This is done by including within the term "rents," as defined in subsection (g), interest on debts owed to the corporation, to the extent such debts represent the price for which real estate held primarily for sale to customers in the ordinary course of business was sold or exchanged by the corporation. This change will help those bona fide real estate operating companies which might otherwise find themselves subject to tax under Title IA of the bill in years in which, by reason of an inactive market for the sale of real estate, the greater part of their income is derived from interest on second mortgages on property previously sold by them and from rent from property leased pending its sale and the rents in themselves do not constitute 50 per cent or more of gross income. In such cases rent and interest combined will usually exceed 50 per cent of the gross income. Under the proposed definition of "rents," such companies will not be classified as personal holding companies.

---

[1] SEC. 502. PERSONAL HOLDING COMPANY INCOME.

For the purpose of this subchapter the term "personal holding company income" means the portion of the gross income which consists of:

(a) Dividends, interest (other than interest constituting rent as defined in subsection (g)), * * *

   *     *     *     *     *     *     *

(g) RENTS.—Rents, unless constituting 50 per centum or more of the gross income. For the purposes of this subsection the term "rents" means compensation, however designated, for the use of, or right to use, property, and the interest on debts owed to the corporation, to the extent such debts represent the price for which real property held primarily for sale to customers in the ordinary course of its trade or business was sold or exchanged by the corporation; but does not include amounts constituting personal holding company income under subsection (f).

In construing the language of a statute such as the one now before us, it is proper to consider the purpose which Congress had in mind when it was enacted. See *Webster Corporation*, 25 T. C. 55.

An examination of the quoted Congressional Report indicates that Congress intended that interest on debts should be considered as rent in cases where bona fide operating companies are engaged in the business of developing real estate for sale over a period of years, and in some years an inactive market for the sale of real estate results in such companies having the greater part of their income derived from interest on mortgages on property previously sold by them. To be deemed "rent," the interest must arise from debts representing "the price for which real estate held primarily for sale to customers in the ordinary course of business was sold or exchanged by the corporation."

In the instant case the transferor corporation was formed in 1945 for the purpose of acquiring title to two contiguous parcels of real estate and disposing of that real estate as a whole at a profit as quickly as possible after obtaining tenants in the improved parcel for the purpose of making easier the disposition of the real estate. The real estate, which it acquired by one deed, was sold by it during the same year and conveyed by one deed. Except for obtaining tenants for the building on the property, the record indicates that nothing was done by the transferor with regard to any development of the property. No other property was ever acquired or sold by the corporation. While suggestions were made to its sole stockholder that other property in the general locality might be profitably bought and sold and inquiries were made on its behalf concerning available properties, no officer or director or employee testified that it ever had the intention of buying and selling or holding any other real estate in spite of its corporate powers so to do.

Whether real property was held primarily for sale to customers in the ordinary course of trade or business presents a question of fact. The factors generally considered by the courts faced with such a problem are the purpose of the acquisition and disposal, the number, frequency, continuity, and substantiality of the sales, the period of time covered, and the extent of the activities of the seller in developing, improving, and disposing of the property. *W. T. Thrift, Sr.*, 15 T. C. 366.

Expressly limiting ourselves to the facts present in the instant case, we are of the opinion that the interest on the purchase money bond and mortgage received by the transferor corporation in the taxable year did not constitute "rents" within the meaning of section 502 (g) of the Internal Revenue Code of 1939.

*Decision will be entered for the respondent.*