ESTATE OF JOSEPH E. REILLY, DECEASED, GRACE F. REILLY, ADMINIS-TRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53221. Filed November 30, 1955.

*G. Norman Widmark, Esq.*, for the petitioner.
*Norman A. Peil, Jr., Esq.*, for the respondent.

## OPINION.

BRUCE, *Judge:* The present controversy turns upon the meaning of the word "property" as used in section 812 (e) (1)[1] of the Internal Revenue Code of 1939. Section 812 (e) (1) (B) provides that the value of an interest in property passing to the surviving spouse shall not qualify for the marital deduction where such interest may terminate and thereafter some other person "may possess or enjoy *any part of such property*," which passes to that person from the decedent for less than the full consideration. (Emphasis supplied.)

Here the proceeds of insurance policies on the life of the decedent were payable in equal installments to the surviving spouse for 10 years certain and thereafter for life. If the surviving spouse should die before the end of the 10-year period, the installments for the remainder of the 10 years were payable to the decedent's children or to the estate of the last survivor of his wife and children.

Petitioner concedes that the value of the right to the installments for 10 years certain was a terminable interest which may pass to persons other than the surviving spouse and therefore does not qualify for the marital deduction. *Estate of Thomas J. White*, 22 T. C. 641. On the

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

other hand, respondent does not contest petitioner's contention that, if the annuity for life, beginning 10 years from the decedent's death, were the only interest involved, it would qualify for the marital deduction as no interest therein could pass to any person other than the surviving spouse. Cf. Regs. 105, sec. 81.47b (d). Therefore, the sole question is whether each policy, or the right to all of the payments under each policy, was one "property" within the purview of section 812 (e) (1) (B). If so, no part of the proceeds of the policies can qualify for the marital deduction as persons other than the surviving spouse may possess or enjoy some part of "such property" after the termination of the interest of the surviving spouse.

There appear to be no prior cases construing the term "property" as used in section 812 (e). However, as this Court said in *Kent Industrial Corporation*, 25 T. C. 215, "In construing the language of a statute such as the one now before us, it is proper to consider the purpose which Congress had in mind when it was enacted. See *Webster Corporation*, 25 T. C. 55"; and, considerable light is shed on what Congress intended by the word "property" in passing the Revenue Act of 1948 by various statements made in the Report of the Senate Committee of Finance (S. Rept. No. 1013, part 2, 80th Cong., 2d Sess.), reprinted in 1948–1, C. B., 331, 333, 336, 337, 339–340:

The terms "interest" and "property," as used in section 812 (e) have separate and distinct meanings. The term "property" is used in a comprehensive sense and includes all objects or rights which are susceptible of ownership. The term "interest" refers to the extent of ownership, that is, to the estate or the quality and quantum of ownership by the surviving spouse or other person, of particular property. For example, if the surviving spouse is specifically devised an estate for her life in a farm, the "interest" passing to her is the life estate, and the "property" in which such interest exists is the farm. Generally the property in which any person is considered as having an interest is the property out of which, or the proceeds of which, such interest may be satisfied. Thus, in case of a bequest, devise, or transfer of an interest which may be satisfied out of, or with the proceeds of, any property of the decedent's general estate or of a trust, the interest so bequeathed, devised, or transferred is an interest in any and all of such property. If the decedent's general estate or the trust consists of assets which are themselves interests in property (such as leases), the interest so bequeathed, devised, or transferred is an interest in such property.

\* \* \* \* \* \* \*

On the other hand, an interest may be a terminable interest under subparagraph (B), section 812 (e), even though such interest is the entire property. Thus, if the property in which the surviving spouse has an interest, or all of the interest, is terminable, the interest of the surviving spouse is a terminable interest. Examples of such terminable interest are patents, copyrights, and annuity contracts.

As previously stated, it is necessary for the purposes of section 812 (e) (1) to distinguish between an interest in property and the property in which such interest is an interest. Thus, if the decedent devises Blackacre to his wife

for life with remainder to X, then X has an interest in the property (Blackacre) in which the surviving spouse has an interest. If the principal value of Blackacre was a coal mine which may be expected to be exhausted during the surviving spouse's life, nevertheless both the surviving spouse and X have an interest in the property, which is Blackacre. If the decedent devises Blackacre to his son in fee but subject to a charge on the rents of Blackacre in favor of his surviving spouse for her life, the surviving spouse and the son have an interest in the same property (Blackacre). In the case of a trust or fund, the income beneficiaries and the persons who may receive any part of the corpus have an interest in the property represented by the assets of the trust or fund as of the date of the decedent's death.

\*    \*    \*    \*    \*    \*    \*

The term "possess or enjoy any part of such property" is intended to be broadly construed.

\*    \*    \*    \*    \*    \*    \*

EXAMPLE (2). The decedent during his lifetime purchased an annuity contract under which the annuity was payable during his life and then to his spouse during her life if she survived him. The value of the interest of the decedent's surviving spouse in such contract at the death of the decedent is included in determining the value of his gross estate. A marital deduction is allowed with respect to the value of such interest so passing to the decedent's surviving spouse inasmuch as no other person has an interest in the contract. If upon the death of the surviving spouse the annuity payments were to continue for a term to her estate, or the undistributed portion thereof was to be paid to her estate, the deduction is nevertheless allowable with respect to such entire interest. If, however, upon the death of the surviving spouse, the payments are to continue to another person (not through her estate) or the undistributed fund is to be paid to such other person, no marital deduction is allowable inasmuch as an interest passed from the decedent to such other person.

The application of the above principles, and particularly the example with respect to annuity payments which continue after the death of the surviving spouse, to the facts in the instant case requires, in our opinion, a holding that each policy or the right to all of the payments under each policy was one "property" within the purview of section 812 (e) (1) (B). Here, the interest received by the surviving spouse under each policy was an annuity for life which may be satisfied out of the entire proceeds of the policy. And, to quote again from the above Committee Report (1948–1 C. B., *supra*, at p. 333), "Generally the property in which any person is considered as having an interest is the property out of which, or the proceeds of which, such interest may be satisfied."

While the insurance company may have computed separately the amounts required to provide the certain and contingent payments under each policy, nevertheless the right to all of the payments was acquired under one contract. Also, there was no segregation of the proceeds; and, as is normally the case of fractional portions of the same property, each portion (here the sum required to provide the certain payments and the sum required to provide the contingent payments) was limited in amount by the size of the other portion, and

both were limited in amount by the value of the property or, here, the total proceeds of the policy. While the property may have been divisible, it was nonetheless one property.

*Estate of Fredrick John Twogood*, 15 T. C. 989, affd. 194 F. 2d 627, cited by petitioner, is consistent with the above holding. In that case the decedent was entitled to an annuity for life upon retirement. He elected to take a reduced annuity in order that his wife might have an annuity for life if she survived him. We held that by the election "the decedent divided the property into two parts," and that he did not retain the right to possess or enjoy the income from that part which he transferred to his wife within the purview of section 811 (c) (1) (B). While the *Twogood* case presented an entirely different question from the one here under consideration, we think it is clear from the opinion in that case that the decedent's right to an annuity upon retirement was the underlying property or, to borrow the words of that opinion, "the property itself" out of which both the interest retained and the interest transferred were to be satisfied.

Petitioner also relies upon the differentiation in the insurance policies between the certain payments and the contingent payments. Each policy provided that the certain payments, but not the contingent payments, were to be increased by any surplus additions, and, in five of the policies, the insured could have permitted the beneficiary to commute or anticipate only those payments payable for 10 years certain. However, this differentiation between the payments does not change the fact that the policy, or the proceeds of the policy, is the underlying property out of which all of the payments are to be satisfied. Therefore, we decide this issue for respondent. However, for the reasons previously stated,

*Decision will be entered under Rule 50.*