ADELINE S. DAVIS, EXECUTRIX U/L/W & T OF JOHN S. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52329. Filed November 28, 1956.

*Clarence W. Nutt, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

OPINION.

Kern, *Judge:* Respondent determined a deficiency of $8,763.08 in the estate tax of petitioner. That part of the deficiency is here at issue which results from respondent's including in the gross estate the amount of $60,477.93, representing the value of the rights of decedent's widow to receive as a joint annuitant amounts payable under a group annuity contract issued by Aetna Life Insurance Company to F. W. Woolworth Co., decedent's employer, pursuant to an election exercised by decedent whereby his wife was named as joint annuitant to receive a reduced annuity after his death. Respondent claims that such inclusion is justified under sections 811 (c) (1) (B) (ii) and 811 (d) of the Internal Revenue Code of 1939.[1] In his amended answer, respondent alleges that such inclusion is also justified by section 811 (f) of the Internal Revenue Code of 1939 but makes no reference to this latter section in his brief, and we therefore assume that he has abandoned any contention based on this allegation.

A stipulation of facts has been filed herein by the parties and we find the facts to be as stipulated. The stipulation of facts is incorporated herein by this reference, together with the annuity policy introduced in evidence as a joint exhibit.

The petitioner's decedent, John S. Davis, died on November 18, 1950. The petitioner, his widow, is the executrix of his estate.

---

[1] SEC. 811 (c). Transfers in Contemplation of, or Taking Effect at, Death.—

(1) General rule.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

\* \* \* \* \* \* \*

(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death \* \* \*

\* \* \* \* \* \* \*

(ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom;
SEC. 811 (d). Revocable Transfers.—

(1) Transfers after June 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death;

\* \* \* \* \* \* \*

(3) Date of existence of power.—For the purposes of this subsection the power to alter, amend, or revoke shall be considered to exist on the date of the decedent's death even though the exercise of the power is subject to a precedent giving of notice or even though the alteration, amendment, or revocation takes effect only on the expiration of a stated period after the exercise of the power, whether or not on or before the date of the decedent's death notice has been given or the power has been exercised. In such cases proper adjustment shall be made representing the interests which would have been excluded from the power if the decedent had lived, and for such purpose if the notice has not been given or the power has not been exercised on or before the date of his death, such notice shall be considered to have been given, or the power exercised, on the date of his death.

Decedent was an employee of F. W. Woolworth Co. of New York, New York. This company entered into a contract with the Aetna Life Insurance Company on May 13, 1946, which provided for the payment of an annuity to decedent, together with other employees of Woolworth, under certain terms and conditions. Premiums due under this contract were paid by Woolworth. Decedent was qualified to receive an annuity for his life in the sum of $6,209.04 to be paid annually upon his retirement as an employee of Woolworth. The annuity contract provided for an optional form of annuity which, under certain conditions met with by the decedent, provided that decedent might elect to receive lesser annuity payments and provided for the continuance of these payments after his death to his wife as "Joint Annuitant" for her life. Such lesser annuity payments under this option amounted to $4,607.28 annually. This option was provided by section VIII of the annuity contract, which reads as follows:

A. Optional Form of Annuity Providing Continuance of an Annuity to Joint Annuitant

Subject to the terms hereof, an employee may elect an Optional Form of Annuity Providing Continuance of an Annuity to Joint Annuitant. Such election shall be in writing, shall be filed at the Home Office of the Insurance Company before the Annuity Commencement Date or Normal Retirement Date, whichever is earlier, shall name the joint annuitant, shall state the Annuity Commencement Date, and shall specify the fraction referred to in clause (2) below. After three months from the effective date of this contract, an employee may not, within five years of his Annuity Commencement Date or Normal Retirement Date, whichever is earlier, elect this Optional Form of Annuity, except upon submitting evidence of good health satisfactory to the Insurance Company.

If such election is made, the Insurance Company shall pay the following benefits, which shall be in lieu of all other benefits on and after the Annuity Commencement Date:

(1) *To the Employee:* A reduced annuity shall be payable monthly to the employee commencing on his Annuity Commencement Date and ceasing with the monthly payment next preceding his death;

(2) *To the Joint Annuitant Named by the Employee in his Notice of Election:* If the joint annuitant shall be living one month after the due date of the last monthly annuity payment to the employee, an annuity shall be payable monthly to the joint annuitant, commencing one month after the due date of the last monthly annuity payment to the employee and ceasing with the monthly payment next preceding the joint annuitant's death; the yearly amount of the annuity to the joint annuitant shall be equal to the yearly amount of the reduced annuity payable to the employee, or such fraction thereof as the employee may specify in his notice of election.

The amount of the reduced annuity payable to the employee shall be equal to a percentage of the annuity which would have been payable to the employee if this option had not been elected. Said percentage shall be determined from Table E, in which the "Specified Fraction" is the fraction referred to in clause (2) above.

If either the employee or the joint annuitant shall die before the employee's Annuity Commencement Date, the election of this option shall be inoperative, and the employee's rights with respect to any further election shall be the same as if he had not made the inoperative election. After an election is made, it may

not be revoked or changed in any way, nor may an Optional Retirement Date be elected, except with the consent of the Insurance Company, but the consent of the joint annuitant shall not be required.

B. Special Optional Form of Annuity

With the consent of the Insurance Company, an employee may elect an Optional Form of Annuity different from that provided for in Section VIII–A.

The decedent elected the optional form of annuity in September 1946. The annuity payments to him commenced on September 1, 1948, and continued to November 1, 1950. The annuity payments to decedent's wife commenced on December 1, 1950, and were being paid to her as of the date of the hearing herein.

In addition to the facts stipulated, we find the following:

Requests have been made to the Aetna Life Insurance Company for a change of joint annuitant after payment of an annuity has been made to the employee annuitant, but all of these requests have been denied.

The first question to be decided is whether decedent, who was qualified to receive an annuity under an annuity contract paid for by his employer, effected a transfer within the meaning of section 811 of the Internal Revenue Code of 1939 by electing to receive a reduced annuity in order that a named joint annuitant, his wife, would also receive an annuity in the event of her survivorship. We answer this question in the affirmative on the authority of *Estate of William J. Higgs*, 12 T. C. 280, reversed on another point 184 F. 2d 427; and *Estate of Frederick John Twogood*, 15 T. C. 989, affirmed on another point 194 F. 2d 627.

The next question is whether decedent at the time of his death had such a power to alter or amend with regard to the interest thus transferred to the joint annuitant, or such a right to designate the persons "who shall possess or enjoy the property," arising under the provisions of the annuity contract, and particularly section VIII quoted above, as to justify the inclusion in decedent's gross estate of the value of such transferred interest under section 811 (c) (1) (B) (ii) or section 811 (d).

It is to be noted that section 811 (c) (1) (C) is not invoked by respondent and, therefore, section 811 (c) (2) is not applicable. Cf. *Estate of Frederick John Twogood, supra.*

Respondent argues that the plain intendment of the last sentence of section VIII–A of the annuity contract is that the decedent had the right to revoke the election to take a reduced annuity and grant the same annuity to the joint annuitant or to change the person designated to enjoy as joint annuitant the income from the annuity, in conjunction with the insurance company, the consent of which was the sole prerequisite to the exercise by decedent of such rights.

Petitioner argues that a construction of section VIII–A of the annuity contract requires a conclusion that the exercise of any such

382

rights could only be made by decedent between the ages of 60 and 65 (the employee's normal retirement date), or at the annuity commencement date, whichever is earlier, since it cannot "be conceived that any insurance company would ever allow its annuitants greater latitude to change a joint annuitant after age 65, which right did not exist prior thereto." Petitioner points also to the fact that the insurance company has not allowed any changes in the election after the commencement of the payment of the annuity.

It is our opinion that the respondent's construction of the annuity contract is correct and that decedent at the time of his death had the right, provided the insurance company consented, to revoke the election or to change the joint annuitant. It is the right of the decedent to revoke and to alter *quoad* the joint annuitant which is important. Her interests as such were subject to alteration or revocation by the decedent until the time of his death, since, by the terms of the annuity contract, "the consent of the joint annuitant [to revocation or change] shall not be required." The fact that decedent had no right to force the conjunction or consent of the insurance company is not important.

Practical reasons such as actuarial problems may well have persuaded the insurance company to refuse its consent to the requests which have been made to it to permit changes by annuitants after election has been made and annuity payments have been commenced, but we see no legal reason why the insurance company could not have conjoined with decedent, by giving its consent, in effecting his right to revoke or change, the existence of which it seems to us is recognized in section VIII–A of the annuity contract. The existence of the right, rather than the likelihood of its exercise, is the controlling factor.

Therefore, we conclude that the value of the rights of the joint annuitant (the amount of which is not here in issue) is includible in decedent's gross estate under either section 811 (c) (1) (B) (ii) or section 811 (d) of the Internal Revenue Code of 1939.

*Decision will be entered for the respondent.*