11 Mich. App. 548 (1968)
161 N.W.2d 768
In re CANON ESTATE.
AMERICAN NATIONAL BANK & TRUST COMPANY OF KALAMAZOO
v.
DEPARTMENT OF TREASURY.
Docket No. 3,918.
Michigan Court of Appeals.
Decided May 29, 1968.
Ford, Kriekard, Brown & Staton, for plaintiff.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and William D. Dexter, Assistant Attorney General, for defendant.
QUINN, J.
On appeal, the circuit court affirmed the probate court in its determination that the commuted value of the surviving widow's interest in a joint and survivor annuity purchased in conjunction with the retirement plan of the deceased husband's employer was not subject to Michigan inheritance tax.[1] The State appeals. The issue is whether the foregoing determination is correct or incorrect.
Joe John Canon, the deceased husband, completed 15 years continuous service with the Upjohn Company September 1, 1945, and he participated in its first retirement plan. He attained age 55 on May 6, 1951, and at this age, with the foregoing service and participation, his rights in retirement benefits vested. February 19, 1958, Mr. Canon selected a joint and survivor annuity with his wife as beneficiary as the method for receiving his retirement *550 benefits. Under the retirement plan, such selection did not become effective until consented to by a committee of the company, and this consent was given March 24, 1959 to be effective April 1, 1959. After this effective date, the widow was entitled to monthly payments after Mr. Canon's death, even if death occurred prior to his retirement.
Mr. Canon retired January 4, 1961, and was given a joint and survivor annuity certificate dated January 1, 1961 and payable to him during his life in monthly amounts of $1,251.72 commencing January 1, 1961, and on his death, payable to his widow in monthly amounts of $625.86 until her death. If he had not selected the joint and survivor annuity, under the normal form of retirement benefit, Mr. Canon would have received $1,544.93 per month during his life and his wife would have received nothing on his death.
At one time, the retirement plan was funded by contributions from employer and employees, including Mr. Canon. Later, and at the time Mr. Canon's right to retirement benefits vested, the plan was funded by contributions from the employer only, but such contributions were irrevocably committed to the plan and to the benefit of employees and the employer had no right, title, or interest in the fund.
The pertinent language of the inheritance tax statute, CLS 1961, § 205.201, supra, is:
"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $100 or more, or of any interest therein or income therefrom, in trust or otherwise, to persons, * * * in the following cases: * * *
"Third, when the transfer is of property made by a resident * * * by deed, grant, bargain, sale or gift * * * intended to take effect, in possession or enjoyment at or after such death." *551 The statute, CL 1948, § 205.221 (Stat Ann 1960 Rev § 7.582) defines transfer as:
"The word `transfer' as used in this act shall be taken to include the passing of property or any interest therein in possession or enjoyment, present or future, by inheritance, descent, device [devise], bequest, grant, deed, bargain, sale or gift in the manner herein prescribed."
The same statutory section defines property as:
"The word * * * `property' as used in this act shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor, or vendor, passing or transferred to those not herein specifically exempted from the provisions of this act, * * * and shall include all property or interest therein whether situated within or without this state and including all property represented or evidenced by note, certificate, stock, land, contract, mortgage or other kind or character of evidence thereof, and regardless of whether any such evidence of property is owned, kept or possessed within or without this state."
Plaintiff contends there was no transfer of property by decedent and that he did not own the property rights sought to be taxed, and yet at page 5 of the same brief, plaintiff concedes:
"The option became effective April 1, 1959. After the effective date of said joint and survivor annuity option, i.e., April 1, 1959, decedent's widow was entitled to monthly payments of benefits even if the decedent died prior to retirement."
On the facts before us, this right of the widow could only result from a transfer of income from property by decedent.
*552 Plaintiff next contends that because the annuity payments to the widow were payable under a contract similar to an insurance contract, there was no transfer of property subject to inheritance tax. A similar argument was rejected by the supreme court of Utah, In re Clark's Estate (1960), 10 Utah 2d 427 (354 P2d 112). The Michigan Supreme Court has quoted with approval the following test:
"The taxability of a transfer is not to be determined by the refinements of conveyances or the technicalities of contracts, but by comparing the substance and practical effect of what was done with the standards set up by the taxing act." In re Brackett Estate (1955), 342 Mich 195, 206.
Application of that test to this case causes us to reject the argument also.
Finally, plaintiff argues the transfer was not intended to take effect in possession or enjoyment at or after Mr. Canon's death. Again in Brackett, supra, at page 207, our Supreme Court quoted with approval the following:
"The test is always whether the property comes into possession and enjoyment of the transferee upon the death of the transferor. If the death of the transferor makes no difference in the rights of the parties there is no tax."
Here the widow had nothing in enjoyment or possession until Mr. Canon died.
In spite of the factual differences in Brackett, supra, as pointed out by plaintiff, we find the principles announced in Brackett controlling here. Other States have reached the same result on similar facts under similar statutes. See Dolak v. Sullivan (1958), 145 Conn 497 (144 A2d 312); In re Endemann's Estate (1953), 282 App Div 768 (122 NYS *553 2d 682); In re Stone Estate (1960), 10 Wis 2d 467 (103 NW2d 663).
Reversed, but without costs, a public question being involved.
BURNS, P.J., and ZIEM, J., concurred.
NOTES
[1] CLS 1961, § 205.201 (Stat Ann 1960 Rev § 7.561).