109 Mich. App. 69 (1981)
311 N.W.2d 149
In re CHAMBERLIN ESTATE.
STODDARD
v.
DEPARTMENT OF TREASURY.
Docket No. 47821.
Michigan Court of Appeals.
Decided September 8, 1981.
Honigman, Miller, Schwartz & Cohn, for Stanford C. Stoddard and John W. Butler.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and David K. Foust, Assistant Attorney General, for the Department of Treasury.
Before: J.H. GILLIS, P.J., and BASHARA and K.N. SANBORN,[*] JJ.
PER CURIAM.
Stanford C. Stoddard and John W. Butler appeal a probate court decision including certain property in the estate of Myrtle Fruehauf Chamberlin in determining the amount of inheritance taxes due.
On November 11, 1975, Myrtle Chamberlin established a revocable inter vivos trust with appellants named as trustees. Under article 7 of the trust, the appellants were directed to create a pour-over marital trust consisting of 50% of the donor's adjusted gross estate in the event her husband Gerald survived her. The eighth article established the rights, duties and obligations of *71 Gerald.[1] In summary, the provision required that *72 the trustees pay the net income of the trust to Gerald for as long as he lived. A general power of appointment over the trust corpus was granted to Gerald. He was given unbridled discretion to invade the corpus for any amount at any time and for any reason. In the event the trust remained funded upon his death, the power of appointment was to have been exercised in his will. If not duly exercised by the time Gerald died, the remaining corpus was to be further distributed as directed in article 10 of the trust.
Myrtle Chamberlin died on February 21, 1976. She was survived by her husband Gerald. The marital trust was funded and Gerald enjoyed its benefits, including invasion of the corpus, before his death.
The appellee Michigan Department of Treasury determined that the marital trust was properly included in Myrtle's estate for inheritance tax purposes. Appellants petitioned the court for a redetermination of the tax, contending that the remainder interest of the marital trust was improperly included in the estate inasmuch as the interest was subject to a general power of appointment.[2] The probate court rejected appellant's contention holding that since Gerald, as a result of decedent's death, gained complete dominion and control over all assets of the marital trust, including the right to possession and enjoyment of the corpus, the res was properly included in the estate in computing the inheritance tax on Myrtle Chamberlin's estate.
*73 Review of the probate court's ruling requires interpretation of the Michigan inheritance tax act, MCL 205.201 et seq.; MSA 7.561 et seq., which states in pertinent part:
"That after the passage of this act a tax shall be and is hereby imposed upon the transfer of any property * * * in trust or otherwise, to persons or corporations, not exempt * * * in the following cases:

* * *
"Third, When the transfer is of property made by a resident or by nonresident, when such nonresident's property is within this state, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect, in possession or enjoyment at or after such death. Any transfer of a material part of this property in the nature of a final disposition or distribution thereof made by the decedent within 2 years prior to his death, except in case of a bona fide sale for a fair consideration in money or money's worth, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section. Such tax shall also be imposed when any such grantee, vendee or donee becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer, whether made before or after the passage of this act;
"Fourth, Whenever any person or persons, corporation or association, whether voluntary or organized pursuant to any statute shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised to such donee by will; and whenever any person or persons, corporation or association, whether voluntary or organized pursuant to any statute, possessing such a power *74 or appointment so derived shall omit or fail to exercise the same within the time provided therefor in whole or in part, a transfer taxable under the provisions of this act shall be deemed to take place to the extent of such omission or failure, in the same manner as though the person or persons, corporation or association thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." MCL 205.201; MSA 7.561.
Appellants claim that the fourth paragraph quoted above is applicable whereas appellee contends that the marital trust falls within paragraph three. We agree with the probate court and appellee herein that paragraph four is not controlling and that the trust was properly included in determining the amount of inheritance tax due.
It is clear from studying paragraph four that it governs the extent that a power of appointment is taxable in the donee's estate. It does not state that the power is not taxable in the donor's estate. It is conceivable that the property could be included in both the donor and donee estates for inheritance tax purposes. Paragraph four clearly evidences an intent on the part of the Legislature to clarify the inheritance tax position of the donee in the event of his death. The provision does not address the liability of the original donor.
It is clear that the property belonged to Gerald to dispose of as he saw fit. In the event the power of appointment had not been exercised by Gerald at or before his death, the property was disposed of in paragraph 10 of the trust instrument and properly included in Myrtle's estate. Thus, Gerald obtained possession and enjoyment of the property at the time of Myrtle's death, creating a taxable event. In re Canon Estate, 11 Mich App 548; 161 *75 NW2d 768 (1968). Also, see MCL 205.221; MSA 7.582. We agree with the very excellent opinion of the trial court. White v Grand Rapids & I R Co, 190 Mich 1, 4; 155 NW 719 (1915), In re Brackett Estate, 342 Mich 195; 69 NW2d 164 (1955).
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] The eighth article of the declaration of trust provided:

"The separate Trust created by the provisions of ARTICLE SEVENTH hereof and designated as the MARITAL TRUST and the property which is the subject matter thereof shall be held, administered and disposed of by the trustees as follows:
"(a) The trustees shall pay the net income from the MARITAL TRUST to the settlor's husband, GERALD W. CHAMBERLIN, at convenient intervals, but at least quarter-annually, for and during the lifetime of the settlor's said husband. The settlor's said husband shall be entitled to the net income of the MARITAL TRUST from the date of the settlor's death. Net income for the purposes of this MARITAL TRUST shall be deemed to include all income required to qualify the principal of the MARITAL TRUST for the marital deduction under the federal tax law.
"(b) The trustees shall pay to the settlor's said husband, or as he directs, from the principal of the MARITAL TRUST, from time to time, such amount or amounts of all of the principal as the settlor's said husband may specify in an instrument or instruments in writing delivered to the trustees in the settlor's said husband's lifetime. In addition, the trustees may, in their uncontrolled discretion, from time to time, apply all or any part of the principal toward the support, care, maintenance and benefit of the settlor's said husband, in such amount or amounts and in such manner as they may determine without regard to the other means of the settlor's said husband.
"(c) Upon the death of the settlor's said husband, the entire remaining principal (including property allocated to the MARITAL TRUST subsequent to the death of the settlor's said husband) of the MARITAL TRUST, shall be paid over, conveyed and distributed, free of any trust, to or in favor of such person or persons, or to the estate of the settlor's said husband, in such manner and in such proportions, and outright or upon such terms, trusts, conditions and limitations as the settlor's said husband may appoint in and by his Last Will and Testament. Said power of appointment shall be exercisable only by specific reference to said power in the Last Will and Testament of the settlor's said husband regardless of the date of execution thereof.
"(d) In the event the settlor's said husband fails to exercise such power of appointment, or in the event and to the extent the settlor's said husband shall only partially exercise such power of appointment, or to the extent that any such power of appointment shall be partially or completely void, or to the extent that an exercise of such power of appointment shall not take effect, then upon the death of the settlor's said husband, the trustees shall pay to the executor or administrator of the settlor's said husband's estate an amount equal to the additional estate, inheritance succession and other similar taxes imposed by reason of the inclusion of the property subject to such power of appointment in the gross estate of the settlor's said husband for any such tax purposes (such amount of taxes attributable to such property shall be the excess of the taxes actually due over the taxes that would be due if such property were not included in the tax computation), provided such amount shall be in lieu of any contribution for such taxes to which the settlor's said husband's fiduciary may otherwise by entitled, and the remaining principal shall be held, administered and disposed of under and in accordance with the provisions of ARTICLE TENTH below as part of the principal of the Trust."
[2] The life interest in the income from the marital trust was included in the estate and has not been contested.