*In re* CASSERIE ESTATE

DEPARTMENT OF TREASURY v BISHOP

Docket No. 79159. Submitted February 14, 1985, at Grand Rapids.— Decided May 8, 1985.

In May, 1974, the decedent, Edward P. Casserie, executed a quitclaim deed to a parcel of property located in Pentwater, Michigan, placing title in himself and appellee, Marcia A. Bishop, as joint tenants, but reserving a life estate to himself. Decedent resided on the property until his death on February 10, 1983. Appellee did not live on the property prior to or at the time of decedent's death. Decedent's last will devised his entire estate to appellee and appointed her as executrix of the estate. The Oceana Probate Court, Gerald T. Graham, J., ordered that the value of the property be excluded from the taxable estate. The Department of Treasury appealed. *Held:*

The test of whether property is taxable under the state inheritance tax act is whether the property comes into possession and enjoyment of the transferee upon the death of the transferor. If the death of the transferor makes no difference in the rights of the parties, there is no tax. The value of a property conveyed by the grantor to the grantor and another as joint tenants is includable in the grantor's estate for inheritance tax purposes where the conveyance reserved a life estate in the grantor and the other grantee did not enjoy possession or control of the property until the death of the grantor.

Reversed.

1. TAXATION — INHERITANCE TAX — TAXABILITY OF A TRANSFER.

The test of whether property is taxable under the state inheritance tax act is whether the property comes into possession and enjoyment of the transferee upon the death of the transferor; if the death of the transferor makes no difference in the rights of the parties, there is no tax (MCL 205.201; MSA 7.561).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 42 Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 2-5, 61 *et seq.*

[3] 42 Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 141 et seq., 257 *et seq.*

2. TAXATION — INHERITANCE TAX.

> The taxable nature of a transfer of property for inheritance tax purposes is to be determined by the substance and practical effect of what was done, and not by the technicalities of the conveyance or contract.

3. TAXATION — INHERITANCE TAX — JOINT TENANCY.

> The value of a property conveyed by the grantor to the grantor and another as joint tenants is includable in the grantor's estate for inheritance tax purposes where the conveyance reserved a life estate in the grantor and the other grantee did not enjoy possession or control of the property until the death of the grantor (MCL 205.201; MSA 7.561).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for the Department of Treasury.

Before: GRIBBS, P.J., and MACKENZIE and J. B. SULLIVAN,* JJ.

PER CURIAM. The issue in this case is whether the estate is required to pay inheritance tax on real property owned by the decedent and Marcia A. Bishop, as joint tenants, where the deed creating the joint tenancy reserved to the decedent a life estate.

In May, 1974, the decedent executed a quitclaim deed to a parcel of property located in Pentwater, Michigan, placing title in himself and Marcia A. Bishop, as joint tenants. The deed contained the following clause:

"EXCEPTING AND RESERVING unto Grantor Edward P. Casserie a life estate in and to said premises for and during the remainder of Grantor's lifetime. Grantor covenants and agrees to pay all taxes, insurance and maintenance costs addressed against said premises during Grantor's use of the same."

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Decedent resided on the property until his death on February 10, 1983. Appellee did not live on the property prior to or at the time of decedent's death. Decedent's last will devised his entire estate to appellee and appointed her as executrix of the estate.

On July 28, 1983, the Oceana County Probate Court entered an order directing appellee to pay an inheritance tax in the amount of $5,351. The court included the value of the Pentwater property in computing the decedent's gross estate.

Appellee filed a motion to redetermine the inheritance tax, claiming that inclusion of the Pentwater property in decedent's taxable estate was erroneous because he had divested himself of substantial ownership rights in the property prior to his death. On June 8, 1984, the probate court entered an opinion in favor of appellee, holding that the 1974 quitclaim deed had conveyed substantial and immediate ownership rights to appellee. The probate court therefore redetermined the inheritance tax based on the value of the decedent's life estate at the time of his death, according to life expentancy tables. A final order was entered June 25, 1984.

The inheritance tax statute, MCL 205.201; MSA 7.561, provides in part:

"(1) A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $100.00 or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, not exempt by law * * * in the following cases:

\* \* \*

"(c) When the transfer is of property made by a resident or by nonresident, when the nonresident's property is within this state, by deed, grant, bargain, sale, or gift made in contemplation of the death of the

grantor, vendor, or donor or intended to take effect, in possession or enjoyment at or after such death."

The test to be applied in determing whether the decedent's death is a taxable event under the statute is:

"[W]hether the property comes into possession and enjoyment of the transferee upon the death of the transferor. If the death of the transferor makes no difference in the rights of the parties there is no tax." *People, ex rel Attorney General v Welch's Estate,* 235 Mich 555, 566; 209 NW 930 (1926), quoting Gleason & Otis on Inheritance Taxation (4th ed), p 876.

See, also, *In re Chamberlin Estate,* 109 Mich App 69, 74; 311 NW2d 149 (1981); *In re Canon Estate,* 11 Mich App 548, 552; 161 NW2d 768 (1968), and *In re Estate of LeDuc,* 5 Mich App 390, 393; 146 NW2d 711 (1966).

The taxable nature of a transfer is to be determined by the substance and practical effect of what was done, and not by the technicalities of the conveyance or contract. *In re Brackett Estate,* 342 Mich 195, 206; 69 NW2d 164 (1955); *In re Canon Estate, supra.*

In this case it is true that appellee received rights of ownership incident to her interest as joint tenant at the time of the 1974 covneyance; however, decedent reserved a life estate and continued to exclusively possess the property until his death. It is apparent that decedent intended to, and did in fact, continue to exercise complete control over the property during his lifetime. The practical effect of the life estate was to postpone appellee's possession and enjoyment of the property until she became sole owner by virtue of decedent's death. We conclude that appellee came into "possession and enjoyment" of the property

only upon the death of the decedent. Accordingly, the probate court erred in failing to include the value of the property in computing the amount of inheritance tax due under the statute.

Reversed and remanded.